Argued and submitted January 29, 2014, in Case No. 114377, reversed and remanded, in Case No. 120497, affirmed March 18, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WARREN JESS BASSETT,
*Defendant-Appellant.*

Lincoln County Circuit Court
114377, 120497;
A151216 (Control), A151217

346 P3d 587

Alice Newlin, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Michael R. Salvas, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeremy C. Rice, Assistant Attorney General.

Before Duncan, Presiding Judge, and Haselton, Chief Judge, and Schuman, Senior Judge.*

HASELTON, C. J.

---

* Duncan, P. J., *vice* Edmonds, S. J.

**HASELTON, C. J.**

This is a consolidated criminal appeal in which defendant seeks modification of the terms of his probation. Defendant contends that the special probation conditions in Case No. 120497 and Case No. 114377 are invalid because they are not reasonably related either to protection of the public or to defendant reformation and are more restrictive than necessary. In Case No. 120497, we affirm without published discussion. In Case No. 114377, we conclude that the special probation condition was impermissibly overbroad and, therefore, we reverse and remand for resentencing.

The pertinent facts are as follows. Defendant pleaded guilty in Case No. 114377 to unlawful taking of a blacktail deer without a license or tag, ORS 497.075. In the plea petition, defendant stipulated that he "killed a deer in season but did not have a license." At sentencing, the trial court revoked defendant's hunting license and sentenced him to five years bench probation. As part of that probation, the court imposed the following special conditions:

"*While the defendant's [hunting] license is revoked the defendant is not to be in an area where a person might be engaged in hunting or somebody is or could be engaged in hunting.* The ONLY exception from that is the defendant may be on the 20 acres occupied by Julia Ellis on S. Low Road in Lincoln County. The defendant may travel by motor vehicle or be on foot on her property, but may not be on foot anywhere else in an area where a person might be engaged in hunting or somebody is or could be engaged in hunting. *This will prohibit any hiking, walking, packing or any type of motor vehicle operation off the road in any area where deer and elk live.* Except while driving or riding in a vehicle on S. Low Road, South Beaver Creek Road, Beaver Creek Road and highways such as 101, 20, and 34 at speeds typical of a motorist on such roads, *this will also prohibit any type of motor vehicle operation by defendant, or riding in or on any kind of motor vehicle operated by someone else, in an area where a person might be engaged in hunting or someone is, or could be, engaged in hunting, whether legally or not.* Nothing in this paragraph restricts the defendant's presence at any location within the city limits of any incorporated city."

(Emphases added.)

On appeal, defendant first argues that the probation condition is not reasonably related to the crime of conviction; second, that it is impermissibly overbroad and infringes on his constitutional right to travel; and, third, that it violated his federal constitutional due process right and is unconstitutionally vague as applied. Because we agree that the condition is overbroad, we do not reach, or address, defendant's other arguments.

A court may impose "any special conditions of probation that are reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both." ORS 137.540(2). A trial court has wide discretion in matters of probation, but, "[w]hen conditions of probation, although effective, go beyond the measures necessary to fulfill the purposes of probation, they are impermissible." *State v. Hitesman/Page*, 113 Or App 356, 362, 833 P2d 306, *rev den*, 314 Or 574 (1992). Further, "when fundamental rights are involved, the sentencing court has less discretion to impose conditions in conflict therewith." *State v. Donahue*, 243 Or App 520, 526, 259 P3d 981 (2011) (internal quotation marks omitted).

In *Hitesman/Page*, we concluded that prohibiting the defendants from living in a rural area and having certain sized buildings on their property to prevent them from engaging in marijuana growing operations was overly broad. 113 Or App at 363. Similarly, in *State v. Jacobs*, 71 Or App 560, 564, 692 P2d 1387 (1984), we held that a probation condition forbidding the defendant, who had a history of criminal misbehavior, from residing in the city where he committed his offenses was overbroad.

In this case, we also conclude that the contested special probation condition is impermissibly overbroad. The condition prohibiting defendant from "be[ing] in an area where a person *might* be engaged in hunting" (emphasis added) is unqualified and, by its literal terms, prohibits defendant from "be[ing] in" virtually all of the nonurban United States,[1] where (after all) someone "might" be hunting. Indeed, it would be nearly impossible for defendant to

---

[1] Or, for that matter, the rest of the world.

drive across the country without violating that geographically unlimited condition. Similarly, the condition prohibiting defendant from "hiking, walking, packing or any type of motor vehicle operation off the road" where "deer and elk live" precludes him from visiting many national parks. Nor are such sweeping prohibitions reasonably related to the goal of preventing defendant from hunting, when viewed in the totality of the other conditions that the court imposed, including, specifically, the condition that prohibited defendant from possessing or controlling any weapon or firearm, and from obtaining a hunting license for five years. Accordingly, we conclude that the contested special condition is impermissibly overbroad and, accordingly, that it is invalid.

In Case No. 114377, reversed and remanded. In Case No. 120497, affirmed.