58

Argued and submitted August 27, 2015, remanded for resentencing, otherwise
affirmed January 21, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LORRIE ANN LUCILLE HURITA,
aka Lorrie Ann Hurita,
*Defendant-Appellant.*

Lincoln County Circuit Court
132652; A155875

366 P3d 754

Matthew Blythe, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Michael S. Shin, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Schuman, Senior Judge.

SCHUMAN, S. J.

## SCHUMAN, S. J.

Defendant seeks modification of one of the conditions of probation that the court imposed on her after she was convicted of misdemeanor stalking and second-degree criminal trespass. The condition at issue prohibited her from being anywhere in Lincoln County north of Cape Foulweather. According to defendant, that condition is overly restrictive because it is not reasonably related to her reformation or the protection of the public. We agree. We therefore hold the condition invalid and remand for resentencing.

Defendant has for several years had something of an obsession with a man to whom we will refer as Steven H. In fact, before the events underlying this 2013 case, defendant had been found guilty except for insanity of stalking Steven H in 1997 and 2003. This case results from defendant's erroneous belief that a person named *Norman* H was related to *Steven* H and knew where Steven could be found. Pursuant to that belief, defendant, over a period of three years, repeatedly telephoned Norman H, even after Norman H told defendant that he was not related to Steven H, did not know where to find him, and did not know anybody of that name. In August 2013, defendant's telephone calls escalated into personal appearances. Norman H called police to report that defendant was on his property, a home in Gleneden Beach, and refused to leave. A Lincoln County deputy sheriff responded, confronted defendant, and told her that she would be arrested if she again appeared on Norman H's property or contacted him. Undeterred, defendant entered Norman H's property the next day. Norman H again summoned law enforcement, and defendant was subsequently arrested.

At trial, defendant pleaded guilty to, and was convicted of, misdemeanor stalking, ORS 163.732(2)(a), and second-degree criminal trespass, ORS 164.245. The stalking conviction resulted in a suspended sentence and five years' probation. Among the conditions of probation were, "REFRAIN FROM KNOWINGLY HAVING ANY CONTACT with the victim Norman [H] or anyone with whom he resides" (uppercase in original) and "Do not be anywhere in Lincoln County North of Cape Foulweather."

Defendant timely objected to the latter condition, to no avail. The court explained that the condition was justified by defendant's "history of stalking that's been reported in other counties and the repetitive nature of the contact here." The court also explained that it was trying "to help [defendant] avoid any allegation that she is in some fashion trying to re-institute contact with [Norman H]." The condition was included in the final judgment. This appeal ensued.

We have frequently set out the precepts governing conditions of probation, most recently in *State v. Bassett*, 269 Or App 701, 703, 346 P3d 587 (2015):

> "A court may impose 'any special conditions of probation that are reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both.' ORS 137.540(2). A trial court has wide discretion in matters of probation, but, '[w]hen conditions of probation, although effective, go beyond the measures necessary to fulfill the purposes of probation, they are impermissible.' *State v. Hitesman/Page*, 113 Or App 356, 362, 833 P2d 306, *rev den*, 314 Or 574, 840 P2d 1296 (1992). Further, 'when fundamental rights are involved, the sentencing court has less discretion to impose conditions in conflict therewith.' *State v. Donahue*, 243 Or App 520, 526, 259 P3d 981 (2011) (internal quotation marks omitted)."

In *Bassett*, a condition of probation prohibited the defendant from, among other things, being "in an area where a person might be engaged in hunting or somebody is or could be engaged in hunting." *Id.* at 702. In holding that the condition was fatally overbroad, we noted that it prohibited the defendant from being in a vast area of the world, made travel nearly impossible, and imposed restrictions that, "when viewed in the totality of the other conditions that the court imposed," were not reasonably related to the court's objective. *Id.* at 704; *cf. State v. Bell*, 276 Or App 21, 366 P3d 756 (2016) (striking down a probation condition restricting travel for similar reasons).

The condition of probation at issue in this case, prohibiting defendant from being anywhere in Lincoln County north of Cape Foulweather, is not as draconian as the limitations in *Bassett*; here, defendant is prohibited from being

only in most of one county. Nonetheless, the condition keeps her out of a large geographical area that includes a major shopping city (Lincoln City), as well as Depoe Bay. The restriction also precludes her from travelling on a large segment of the only major north-south road through the county and may, thereby, add significant mileage to her travel. Further, a different, undisputed, condition of her probation prohibits defendant from having any contact with Norman H. That condition ensures that he will be insulated from contact with her and renders superfluous the additional geographical limitations. In short, we agree with defendant that the condition of probation prohibiting her from being in Lincoln County north of Cape Foulweather is overbroad.

Remanded for resentencing; otherwise affirmed.