PER CURIAM
*543 Defendant was convicted of driving under the influence of intoxicants (DUII), ORS 813.010. On appeal, she challenges her sentence. In her first assignment of error, defendant, who holds a medical marijuana registry card, asserts that the trial court erred in imposing a special condition of probation that she "shall be allowed to use medical marijuana only if prescribed by a doctor." Defendant argues that imposition of that condition was improper under ORS 137.542(2)[1] and State v. Bowden , 292 Or App 815, 425 P.3d 475 (2018), in which we held that
"the legislature has provided an exception to the general probation condition that a probationer may not 'use or possess controlled substances' if the probationer has a medical prescription, ORS 137.540(1)(b), and that exception applies to those persons who have a marijuana medical registry card, ORS 137.542. The sentencing court does not have the discretion to impose a probation condition that runs counter to ORS 137.540(1)(b) and ORS 137.542."
Id . at 818-19, 425 P.3d 475. The state concedes that the trial court violated ORS 137.542(2) by imposing the special condition at issue here. We agree that, because defendant holds a medical marijuana registry card, the trial court erred by imposing the condition prohibiting the use of medical marijuana without a prescription and accept the state's concession.
We turn to the appropriate disposition. Defendant asks us to remand for resentencing with a direction to the trial court to *533 delete the special condition of probation from the judgment. The state concedes that we should remand for the trial court to resentence defendant in a way that conforms with the law, but argues that "the trial court should be afforded an opportunity to impose whatever lawful sentence is necessary to resolving its concerns that defendant's marijuana use puts her at risk of re-offending." We agree with the state. See Bowden , 292 Or App at 819, 425 P.3d 475 (remanding *544 for resentencing "with instructions to conform defendant's conditions of probation with ORS 137.540(1)(b) and ORS 137.542"); State v. Hurita , 276 Or App 58, 61, 366 P.3d 754 (2016) (remanding for resentencing when probation condition was overbroad); see also State v. Moreno-Hernandez , 365 Or. 175, 191, 442 P.3d 1092 (2019) (remanding for further proceedings when "there may be other permissible options that the trial court could adopt on resentencing" rather than only reversing portion of judgment erroneously requiring the defendant to pay compensatory fines).
In her second assignment, defendant seeks plain-error review of the trial court's imposition of a $2,000 fine. She asserts that the trial court erred because the imposition of any fine was discretionary, but that "the trial court mistakenly believed that the $2,000 fine was mandatory, stating that it believed the fine to be 'statutory,' " and imposed it because it believed it was required to. In light of our disposition on the first assignment, we need not reach the second assignment of error; the trial court will have the opportunity to consider the issue on remand.
Remanded for resentencing; otherwise affirmed.

ORS 137.542(2) states, "Notwithstanding ORS 137.540, the conditions of supervision of a person who holds a registry identification card and is sentenced to probation related to the use of usable marijuana, medical cannabinoid products, cannabinoid concentrates or cannabinoid extracts must be imposed in the same manner as the conditions of supervision of a person sentenced to probation related to prescription drugs."