Submitted January 27; remanded for resentencing, otherwise affirmed February 20; petition for review allowed, decision of Court of Appeals reversed, judgment of circuit court reversed, and case remanded to the circuit court for further proceedings June 4, 2020 (366 Or 550)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GREEN NEWTON,
*Defendant-Appellant.*

Washington County Circuit Court
18CR27428; A168296

457 P3d 1117

Janelle F. Wipper, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was convicted of driving under the influence of intoxicants (DUII), ORS 813.010, and unlawful possession of cocaine, ORS 475.884, and received a probationary sentence. On appeal, defendant challenges the trial court's imposition of a special condition of probation that prohibited him from possessing or consuming marijuana and required that he "not participate in the Oregon Medical Marijuana Program." Defendant argues that that condition of probation is improper under ORS 137.542(2) and *State v. Bowden*, 292 Or App 815, 425 P3d 475 (2018) (court lacks discretion to impose special condition of probation that runs counter to ORS 137.540(1)(b) and ORS 137.542). The state concedes the error. We agree and accept the state's concession. Defendant also argues that the trial court erred in accepting a nonunanimous verdict on both charges. We reject that argument without discussion.

Defendant requests the remedy of remanding the case to the trial court with instructions to delete the special condition of probation concerning the Oregon Medical Marijuana Program. The state argues that we should not limit the scope of our remand for resentencing. We agree with the state. *See State v. Harper*, 298 Or App 542, 447 P3d 532 (2019) (remanding for resentencing to allow court to resentence in a way that conforms with the law); *State v. Kilgore*, 295 Or App 602, 435 P3d 817 (2019) (same).

Remanded for resentencing; otherwise affirmed.