Submitted September 30, remanded for resentencing; otherwise affirmed November 13, 2014, petition for review denied January 15, 2015 (356 Or 685)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RALPH E. GLAZIER,
*Defendant-Appellant.*

Deschutes County Circuit Court
10FE1450AB; A153214

340 P3d 90

Peter Gartlan, Chief Defender, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

Defendant challenges his convictions for felon in possession of a firearm, ORS 166.270(1). We reject defendant's first and second assignments of error without written discussion, and write to address defendant's challenge to his sentence. After a jury found defendant guilty of two counts of felon in possession of a firearm, the trial court merged the guilty verdicts, determined that defendant was within sentencing grid block 6B, and sentenced him to 21.5 months of incarceration and three years of post-prison supervision (PPS).

In his third assignment of error, defendant asserts that the trial court committed plain error when it imposed three years of PPS. Specifically, defendant contends that the crime seriousness score for felon in possession of a firearm is "6", OAR 213-017-0006(59), that the duration of PPS for a category 6 crime is two years, OAR 213-005-0002(2)(a), and that departures on the duration of PPS are not allowed. OAR 213-005-0002(1). The state concedes that, as stated by defendant, the imposition of three years of PPS is error. We agree, accept the state's concession, and, for the reasons stated in *State v. Delgado*, 239 Or App 435, 438-40, 245 P3d 170 (2010), *rev den*, 350 Or 423 (2011), exercise our discretion under ORAP 5.45(1) to review and correct the PPS term as error apparent on the record. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (court has discretion to review unpreserved error of law apparent on the record).

In his fourth assignment of error, defendant argues that the trial court committed plain error when it determined that defendant's criminal history score was "B." Our disposition of defendant's third assignment of error obviates the need to address his fourth assignment because we must remand the entire case for resentencing. *See* ORS 138.222(5)(a) ("If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing."). In doing so, we reject the state's suggestion that we remand the judgment solely for the purpose of correcting the term

of PPS. On remand, defendant may present his argument concerning his proper criminal history score.

Remanded for resentencing; otherwise affirmed.