PER CURIAM
*105 Defendant appeals a judgment convicting him on two counts of felon in possession of a firearm. ORS 166.270(1). On appeal, defendant asserts that the trial court erred by entering separate convictions on the counts of felon in possession of a firearm because those counts were based on his simultaneous possession of two firearms and that conduct violated a single statute, involved only one victim (the public), and was not separated by any pause.[1] The state concedes *429 that the trial court erred in failing to merge the guilty verdicts on those counts, and we agree and accept the state's concession. See State v. Russell , 288 Or. App. 96, 97, 405 P.3d 191 (2017) (trial court erred in failing to merge guilty verdicts under similar circumstances); State v. Ferguson , 276 Or. App. 267, 274, 367 P.3d 551 (2016) ("Here, the two felon-in-possession counts were both based on ORS 166.270(1), there was only one victim, the public, and the record indicates that defendant came into possession of the two firearms at the same time and his possession was a continuing crime; therefore, the trial court should have merged the guilty verdicts on both counts."). Accordingly, we reverse and remand for merger of those guilty verdicts and for resentencing.
Convictions on Counts 5 and 6 reversed and remanded for entry of a judgment of conviction for one count of felon in possession of a firearm; remanded for resentencing; otherwise affirmed.

Defendant also raises four additional assignments of error. In his second assignment of error, defendant challenges the trial courts imposition of consecutive sentences under ORS 137.123. In his third assignment, he contends that the trial court erred by sentencing him as a "6-B" offender under the Oregon Sentencing Guidelines Grid on both counts instead of applying the "shift to I" rule. In his fourth and fifth assignments, defendant asserts that the trial court plainly erred in imposing 36-month terms of post-prison supervision on the convictions instead of 24 months, as required by law. See OAR 213-005-0002(2)(a) ; State v. Glazier , 266 Or. App. 824, 825, 340 P.3d 90 (2014). Because we are remanding this case for merger and resentencing, we need not address those assignments of error.