ARMSTRONG, P. J.
*565 Defendant appeals a judgment of conviction, based on his guilty plea, for unlawful possession of four or more ounces of marijuana, former ORS 475.864 (2013), repealed by Or Laws 2017, ch. 21, § 126, and felon in possession of a firearm (FIP), ORS 166.270.[1] On appeal, defendant contends that the trial court erred in imposing special probation conditions restricting defendant's ability to participate in the Oregon Medical Marijuana Program (OMMP), contrary to ORS 137.542. The state concedes the error. As explained below, we agree, accept the state's concession, and remand for resentencing.
With respect to defendant's conviction for FIP, the trial court imposed a sentence of probation, which included special conditions of probation that generally prohibit defendant from possessing a medical marijuana registry card or participating in OMMP. Specifically, the special conditions provide that defendant
"[s]hall not hold, possess or apply for a registry identification card for the Oregon Medical Marijuana Program and shall not possess or use marijuana for any purpose without the express written permission of the probation officer and a further order of the court. Shall immediately surrender to the probation officer any Oregon registry identification card currently possessed. If any request is made to the court to approve the medical use of marijuana, the written request must be substantiated by medical records made by the attending physician stating the physician has diagnosed this person with a debilitating medical condition as defined by the Oregon Medical Marijuana Act and the medical use of the marijuana may mitigate the symptoms or effects of the condition."
Defendant contends that the conditions were imposed in violation of ORS 137.542, which was enacted a few weeks before defendant's sentencing. See Or Laws 2016, ch. 24, §§ 51, 82. Subsection (2) of that statute provides:
"Notwithstanding ORS 137.540, the conditions of supervision of a person who holds a registry identification card and is sentenced to probation related to the use of usable *566 marijuana, medical cannabinoid products, cannabinoid concentrates or cannabinoid extracts must be imposed in the same manner as the conditions of supervision of a person sentenced to probation related to prescription drugs."
ORS 137.542(2). The trial court understood the statute to apply only when a court is imposing probation conditions for an offense related to the use of marijuana, and, here, the special conditions at issue were imposed, not on a marijuana-related offense, but on defendant's FIP conviction. Therefore, the court concluded, the statute was inapposite.
Defendant contends-and the state agrees-that the trial court's interpretation of ORS 137.542(2) is erroneous, because, among other things, it requires the court to insert words into the statute that the legislature omitted-specifically, the words "for an offense"-in violation of ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted[.]"). As defendant correctly points out, a court *382 does not sentence a person to "probation related to [the listed marijuana uses]" (emphasis added); rather, it may sentence a person to probation for an offense related to those marijuana uses . Although the statute is awkwardly constructed, we agree with the parties that the phrase "related to the use of usable marijuana, medical cannabinoid products, cannabinoid concentrates or cannabinoid extracts" must be read to modify "conditions of supervision," not "probation." The context and legislative history of the provision support that construction. See, e.g. , Staff Measure Summary, Joint Committee on Marijuana Legalization, House Bill (HB) 4014 A, Feb. 9, 2016; Testimony, Joint Committee on Legalization, HB 4014, Feb. 2, 2016, Ex. 49 (statement of Kimberly McCullough, Legislative Director, American Civil Liberties Union); see also Or. Laws 2016, ch. 24, §§ 53, 53b, 53d, 53f. Thus, if the other requirements of ORS 137.542(2) are satisfied-that is, if a person holds a registry identification card and is sentenced to probation-the probation conditions related to the use of usable marijuana and specified cannabinoid products must comply with the statute. The trial court erred in concluding otherwise.
Remanded for resentencing; otherwise affirmed.

The court dismissed two additional counts of felon in possession of a firearm and one count of unlawful delivery of marijuana.