ARMSTRONG, P. J.
*818 *604 In this consolidated appeal, defendant appeals judgments convicting him of two counts of fourth-degree assault and one count of strangulation (Case No. 17CR22754) and two counts of menacing (Case No. 17CR04970).[1] In each case, defendant was sentenced to probation. Defendant's sole assignment of error relates to the trial court's imposition of a special probation condition on his counts of conviction in Case No. 17CR22754 that defendant "not consume or possess * * * marijuana."[2] Defendant contends that such a complete ban on the consumption and possession of marijuana is prohibited under ORS 137.542(2)[3] and requests that we strike the challenged probation conditions from the judgment, or, alternatively, modify the erroneous conditions to allow the use of medical marijuana. The state concedes that the trial court erred in imposing the conditions as it did, but points out that ORS 137.542(2) does not apply in all circumstances-that is, it does not apply where the defendant is not a medical marijuana cardholder-and, therefore, that we should remand for resentencing for the trial court to make that factual determination.[4] We agree with the state.
As the parties recognize, and as we have recently held, the effect of ORS 137.542(2) is that a special probation condition regarding marijuana use must contain an *605 exception for marijuana use that complies with Oregon's medical marijuana laws, if the probationer holds a medical marijuana registry identification card. State v. Jerscheid , 294 Or. App. 564, 566, --- P.3d ---- (2018) ; see also State v. Rhamy , 294 Or. App. 784, 431 P.3d 103 (2018) (accepting state's concession that trial court erred in imposing unqualified prohibition on defendant's ability to participate in Oregon's medical marijuana program in the absence of necessary determination). Because the special probation conditions at issue here appeared for the first time in the judgment, defendant did not have an opportunity to address that issue.[5] Accordingly, we remand for resentencing for the court to determine whether defendant holds a medical marijuana registry identification card, thus triggering the statute. If so, the court shall modify the special conditions to comply with the statute. See Rhamy , 294 Or. App. at 785, 431 P.3d 103 (remanding for resentencing where court failed to make determination necessary under ORS 137.542(2) to impose unqualified prohibition on defendant's participation in Oregon's medical marijuana program); cf. State v. Mack , 156 Or. App. 423, 429, 967 P.2d 516 (1998) (remanding for resentencing for court to determine whether conditions supporting imposition of sex-offender package under ORS 137.540(2) were established).[6] *819 In Case No. 17CR22754, remanded for resentencing; otherwise affirmed. In Case No. 17CR04970, appeal dismissed as moot.

In both cases, the convictions were based on defendant's guilty pleas, and other charges were dismissed.

The court imposed the same condition on defendant's convictions in Case No. 17CR04970; however, because defendant's probation in that case has since been terminated, defendant concedes that the issue is moot. He raises no other assignments of error with regard to that case.

ORS 137.542(2) provides:
"Notwithstanding ORS 137.540, the conditions of supervision of a person who holds a registry identification card and is sentenced to probation related to the use of usable marijuana, medical cannabinoid products, cannabinoid concentrates or cannabinoid extracts must be imposed in the same manner as the conditions of supervision of a person sentenced to probation related to prescription drugs."

The state also argues that, even if defendant holds a medical marijuana card, the trial court nonetheless has the discretion under ORS 137.540(2) to prohibit medical marijuana use if the prohibition is "reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both," and that we should remand for the court to make that determination. We have previously rejected that argument. State v. Bowden , 292 Or. App. 815, 425 P.3d 475 (2018).

For that reason, defendant also was not required to preserve his claim of error. See, e.g. , State v. Lewis , 236 Or. App. 49, 52, 234 P.3d 152, rev. den. , 349 Or. 172, 243 P.3d 70 (2010) (preservation not required where aspects of sentence assigned as error on appeal were not announced in open court but simply appeared in the judgment).

Defendant relies on State v. Donovan , 307 Or. 461, 770 P.2d 581 (1989), for the proposition that, because the record in this case does not demonstrate that he lacks a medical marijuana registry identification card, we should simply strike the offending conditions. However, in Donovan , unlike in this case, the condition-which denied the defendant access to the California courts in civil litigation concerning custody of his children-was invalid under all circumstances. Id. at 466-67, 770 P.2d 581. Also, although, in Bowden , we remanded for resentencing "with instructions to conform defendant's conditions of probation with ORS 137.540(1)(b) and ORS 137.542," 292 Or. App. at 819, 425 P.3d 475, there, the record apparently established that the defendant held a medical marijuana registry identification card, id . at 816, 425 P.3d 475.