Submitted July 12; remanded for resentencing, otherwise affirmed September 18, 2019; petition for review denied January 16, 2020 (366 Or 97)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PAULA MARIE MILLER,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1502018; A166454

450 P3d 578

Thomas J. Rastetter, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mark Kimbrell, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the briefs for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Landau, Senior Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Following a jury trial, defendant was convicted of unlawful delivery of methamphetamine, ORS 475.890.[1] Defendant challenges probation conditions that appeared for the first time in the judgment, including conditions prohibiting her from: (1) applying for or using a medical marijuana registry card and consuming medicinal or recreational marijuana; (2) using or possessing controlled substances; (3) frequenting places where narcotics are used, sold, or kept; and (4) possessing any narcotics paraphernalia and associating with any person known to use, sell, or possess illegal drugs or narcotics.[2] Defendant argues that those conditions are invalid because any special condition imposed relating to medical marijuana must be imposed in the same manner as probation conditions relating to prescription medication. ORS 137.540(1)(b); ORS 137.542(2). Defendant also argues that the rules of preservation do not apply.

The state concedes that the condition prohibiting defendant's participation in the medical marijuana program is invalid under ORS 137.542(2). The state further concedes that the other conditions are invalid if defendant holds a medical marijuana card and that preservation is not required. We agree with the state that, if defendant holds a medical marijuana registry card, the conditions are invalid and that preservation is not required because the conditions appeared for the first time in the judgment. *State v. Rhamy*, 294 Or App 784, 431 P3d 103 (2018) (concluding that the trial court erred in imposing a probation condition prohibiting the defendant from applying for or using a registry identification card pursuant to the Oregon Medical Marijuana Act (OMMA) in violation of ORS 137.542(2) and that preservation principles did not apply when the condition appeared for first time in judgments); *State v. Bowden*, 292 Or App

---

[1] The jury found defendant guilty of possession of methamphetamine and unlawful delivery of methamphetamine, but the trial court merged the guilty verdict on possession of methamphetamine into the guilty verdict on unlawful delivery of methamphetamine.

[2] In supplemental briefing, defendant raised an additional assignment of error arguing that the trial court plainly erred in instructing the jury that it could return nonunanimous verdicts. We reject that assignment of error on the merits.

815, 818-19, 425 P3d 475 (2018) (concluding that a "sentencing court does not have the discretion to impose a probation condition that runs counter to ORS 137.540(1)(b) and ORS 137.542"); *see also State v. Kilgore*, 295 Or App 602, 604-05, 435 P3d 817 (2019).[3]

We turn to the appropriate disposition. Defendant asks that we reverse the challenged probation conditions. The state responds that, other than the condition prohibiting defendant's participation in the medical marijuana program, because the remaining conditions are invalid only if defendant is a holder of an OMMA card, we should remand for resentencing for the trial court to determine defendant's OMMA status and resentence in conformance with ORS 137.542. We agree with the state. *Kilgore*, 295 Or App at 604-05.

Remanded for resentencing; otherwise affirmed.

---

[3] We express no opinion on the state's concession that, regardless of defendant's OMMA status, the condition prohibiting defendant's participation in the medical marijuana program is invalid under ORS 137.542(2) because the issue can be addressed in the first instance on remand.