Submitted August 16; in Case No. 16CR73257, remanded for resentencing, otherwise affirmed; in Case No. 17CR04476, remanded for resentencing, otherwise affirmed; in Case No. 16CR78536, affirmed September 25, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES HERBERT CUNNINGHAM,
*Defendant-Appellant.*

Clatsop County Circuit Court
16CR73257, 16CR78536, 17CR04476;
A166263 (Control), A166268, A166269, A167799

451 P3d 268

Defendant appeals three judgments of conviction, arguing that the trial court plainly erred in imposing post-prison supervision terms that were longer than permitted by the guidelines in two cases, and in imposing special probation conditions related to marijuana use in the third case. *Held*: The trial court plainly erred in imposing post-prison supervision terms that were longer than allowed by the sentencing guidelines. The trial court did not plainly err in imposing the special conditions of probation related to marijuana use, because there is no evidence that defendant possessed a marijuana registry identification card.

In Case No. 16CR73257, remanded for resentencing; otherwise affirmed. In Case No. 17CR04476, remanded for resentencing; otherwise affirmed. In Case No. 16CR78536, affirmed.

Dawn M. McIntosh, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

ORTEGA, P. J.

In Case No. 16CR73257, remanded for resentencing; otherwise affirmed. In Case No. 17CR04476, remanded for resentencing; otherwise affirmed. In Case No. 16CR78536, affirmed.

## ORTEGA, P. J.

Defendant appeals judgments of conviction for hindering prosecution (case 16CR73257), unlawful delivery of heroin and possession of a destructive device (case 16CR78536), and first-degree theft (case 17CR04476). On appeal, defendant argues that the trial court plainly erred in the length of post-prison supervision imposed in 16CR73257 and 17CR04476, and in imposing the special probation conditions related to marijuana in 16CR78536. As explained below, we remand for resentencing in 16CR73257 and 17CR04476, and we affirm in 16CR78536.

We first address defendant's arguments with respect to post-prison supervision. In 16CR73257, the trial court categorized defendant in the 6B grid block and sentenced him to 22 months of incarceration and 36 months of post-prison supervision. In 17CR04476, the trial court categorized defendant in the 2A grid block and sentenced him to 16 months of incarceration, to run concurrent with 16CR73257, and 24 months of post-prison supervision. Defendant argues that the trial court erred because in each case the trial court imposed post-prison supervision that was 12 months longer than the sentencing guidelines allowed for the crime category for each of those crimes. *See* OAR 213-017-0006(13) (hindering prosecution is a category "6" crime); OAR 213-017-0010(4) (first-degree theft is a category "2" crime); OAR 213-005-0002(2)(a) (post-prison supervision term for a category "6" crime is two years and for a category "2" crime is one year); *see also* OAR 213-005-0002(1) ("Departures on the duration of post-prison supervision shall not be allowed."). Defendant acknowledges that he failed to preserve the claimed error, but requests that we correct the error as plain error under ORAP 5.45(1). The state concedes that the trial court plainly erred and that we should correct that error. We agree and accept the state's concession. *See State v. Glazier*, 266 Or App 824, 825, 340 P3d 90 (2014) (correcting as plain error a 36-month term of post-prison supervision imposed for a category "6" crime). Additionally, we conclude that we should exercise our discretion to correct the error because the state has no interest in the imposition of an unlawful sentence, we perceive no tactical reason that

defendant failed to raise an objection below, and the error is grave. Accordingly, we remand for resentencing in those two cases.

We next address defendant's arguments with respect to the special conditions of probation in 16CR78536. In that case, defendant was sentenced to supervised probation of 60 months, subject to special conditions of probation that, among other things, prohibit defendant from possessing "marijuana paraphernalia," possessing or using marijuana, "even if prescribed," and from applying for or possessing a medical marijuana card or acting as "a caregiver for any person who possesses a medical marijuana card." Defendant argues that those conditions are unlawful because, under ORS 137.542(2), medical marijuana is required to be treated the same as any other prescription medication.[1] Because ORS 137.540(1)(b) provides an exception for the general condition of probation prohibiting the use of controlled substances for use "pursuant to a medical prescription," defendant reasons that the exception for medical marijuana use must be treated the same. That means, according to defendant, that the court's special probation conditions in his case prohibiting use or possession of marijuana, "even if prescribed," and prohibiting applying for or possessing a registry card, are plainly in direct conflict with ORS 137.542(2). Defendant acknowledges that he had an opportunity to object to the imposition of the special conditions of probation at his sentencing, but he failed to do that. Thus, defendant requests that we correct the error as plain error under ORAP 5.45(1).

The state responds that ORS 137.542(2) applies only to "the conditions of supervision *of a person who holds a registry identification card*" and, because there is no evidence in the record here that defendant holds such a card, any error committed by the trial court was not plain error. *See State v. Kilgore*, 295 Or App 602, 604-05, 435 P3d 817 (2019)

---

[1] ORS 137.542(2) provides:

"Notwithstanding ORS 137.540, the conditions of supervision of a person who holds a registry identification card and is sentenced to probation related to the use of usable marijuana, medical cannabinoid products, cannabinoid concentrates or cannabinoid extracts must be imposed in the same manner as the conditions of supervision of a person sentenced to probation related to prescription drugs."

("[T]he effect of ORS 137.542(2) is that a special probation condition regarding marijuana use must contain an exception for marijuana use that complies with Oregon's medical marijuana laws, if the probationer holds a medical marijuana registry identification card.").

We agree with the state that the error raised by defendant does not qualify as plain error. *See State v. Jury*, 185 Or App 132, 135, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) ("For error to be considered apparent on the face of the record for purposes of ORAP 5.45, it must satisfy three criteria: (1) it must be legal error; (2) it must be apparent, such that the legal point is obvious, not reasonably in dispute; and (3) it must appear on the face of the record, such that we need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." (Internal quotation marks omitted.)).

We have held that, "if the other requirements of ORS 137.542(2) are satisfied—that is, if a person holds a registry identification card and is sentenced to probation— the probation conditions related to the use of usable marijuana and specified cannabinoid products must comply with the statute." *State v. Jerscheid*, 294 Or App 564, 566, 432 P3d 380 (2018) (emphasis omitted). We have not previously addressed the precise issue raised by defendant here that, in the absence of evidence that the person holds a registry identification card, the probation conditions must nonetheless treat medically-prescribed marijuana the same as other prescription medications. And, the text of the statute does not obviously require the reading advocated by defendant. Because there is no evidence that defendant possessed a registry identification card, any error by the trial court in imposing those conditions does not qualify as plain error.

In Case No. 16CR73257, remanded for resentencing; otherwise affirmed. In Case No. 17CR04476, remanded for resentencing; otherwise affirmed. In Case No. 16CR78536, affirmed.