Submitted August 7; reversed and remanded for resentencing, otherwise
affirmed September 16, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM TRAVIS DILLON,
*Defendant-Appellant.*

Marion County Circuit Court
17CR82332; A171799

473 P3d 146

Daniel J. Wren, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded for resentencing; otherwise affirmed.

**PER CURIAM**

This is a criminal appeal in which defendant challenges the probation revocation judgment that imposes a 36-month post-prison supervision (PPS) term. Defendant was convicted of strangulation and placed on probation. The trial court categorized defendant as a 6-B on the Oregon Felony Sentencing Guidelines. After defendant violated the terms of his probation, the court sentenced defendant to 24 months' imprisonment, followed by 36 months' PPS, notwithstanding the fact that, under the sentencing guidelines, the PPS term for category 6 crimes is 24 months. *See* OAR 213-005-0002(2)(a). Defendant contends that the court plainly erred in imposing 36 months' PPS because that term exceeds the applicable PPS term allowed under the sentencing guidelines.

The state concedes that the trial court committed plain error in imposing a PPS term that exceeds the applicable PPS term allowed under the sentencing guidelines. *See* OAR 213-005-0002(1) (departures on the duration of PPS are not allowed). Further, the state concedes that we have previously exercised our discretion to correct such an error in circumstances that are indistinguishable from this case. *See State v. Glazier*, 266 Or App 824, 825-26, 340 P3d 90 (2014) (exercising discretion to correct sentencing error when court imposed a PPS term that exceeded the duration of PPS allowed under sentencing guidelines). Finally, the state concedes that, under those circumstances, we should remand for resentencing in this case for the trial court to reduce the PPS term to 24 months.

We agree, accept the state's concession, and, for the reasons stated in *State v. Delgado*, 239 Or App 435, 438-40, 245 P3d 170 (2010), *rev den*, 350 Or 423 (2011), exercise our discretion under ORAP 5.45(1) to review and correct the PPS term as error apparent on the record. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (court has discretion to review unpreserved error of law apparent on the record).

Reversed and remanded for resentencing; otherwise affirmed.