Submitted April 24, 2020, reversed and remanded January 27, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KYLER JACQUE HEASTON,
*Defendant-Appellant.*

Washington County Circuit Court
16CR60857; A168177

482 P3d 167

Defendant appeals a judgment finding him in violation of a condition of his probation. On appeal, defendant contends that the trial court erred when it determined that his use of marijuana while on probation violated ORS 137.540(1)(b), which provides that, as a general condition of probation, a probationer shall "not use or possess controlled substances except pursuant to a medical prescription." *Held*: Considering text, context, and legislative history, the Court of Appeals concluded that the phrase "controlled substances" in ORS 137.540(1)(b) does not include marijuana. Therefore, the trial court erred.

Reversed and remanded.

Beth L. Roberts, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mary M. Reese, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

TOOKEY, J.

Reversed and remanded.

**TOOKEY, J.**

Defendant appeals a judgment in which he was found in violation of a condition of his probation, and that imposed new conditions of probation and a probation-violation fee. On appeal, defendant contends that the trial court erred when it determined that his use of marijuana while on probation violated ORS 137.540(1)(b), which provides that, as a general condition of probation, a probationer shall not "use or possess controlled substances except pursuant to a medical prescription." Defendant argues that the phrase "controlled substances" in ORS 137.540(1)(b) does not include marijuana. For the reasons that follow, in particular pertinent context and legislative history, we agree with defendant, and we reverse and remand.[1]

The relevant facts are undisputed. Defendant was convicted of one count of third-degree sexual abuse, ORS 163.415, and one count of recklessly endangering another person, ORS 163.195. On both counts, defendant was sentenced to probation, including "all general conditions of probation (ORS 137.540)." ORS 137.540(1)(b) provides that, as a general condition of probation, a probationer is prohibited from using or possessing "controlled substances except pursuant to a medical prescription."

Subsequently, a probation officer reported to the trial court that defendant admitted that he had used marijuana while on probation. The report filed by the probation officer alleged that defendant's use of marijuana violated the general condition of probation that prohibited defendant from using or possessing controlled substances except pursuant to a medical prescription (*i.e.*, ORS 137.540(1)(b)).

During a hearing concerning that allegation, defendant admitted that he had used marijuana but took the position that his use of marijuana was not a violation ORS 137.540(1)(b). Defendant noted that "the law with regard to the use of marijuana has been in flux in this state for quite

---

[1] We express no opinion on whether defendant's use of marijuana while on probation violated ORS 137.540(1)(j), which provides that, as a general condition of probation, probationers are required to "[o]bey all laws, municipal, county, state and federal." Defendant was not found in violation of that condition.

some time" and argued that, after enactment of Senate Bill (SB) 302 (2017), "marijuana is no longer considered a controlled substance in the State of Oregon." Thus, according to defendant, "restrictions with regard to the use of marijuana need to be under a special condition of probation."

The trial court rejected defendant's argument, concluding that marijuana is a controlled substance under ORS 137.540(1)(b), and issued a judgment in which defendant was found in violation of a condition of his probation, and that imposed new conditions of probation and a probation-violation fee.

On appeal, defendant argues that a "defendant does not violate the general condition of probation forbidding him to use or possess controlled substances by using marijuana." In support of that position, defendant points to the definition of "controlled substance" in Oregon's Uniform Controlled Substances Act (ORS 475.005 to 475.285 and ORS 475.752 to 475.980). Defendant contends that, although "ORS 475.005(6)(a) defines 'controlled substance' as a drug or its precursor classified in Schedules I through V under the federal Controlled Substances Act," ORS 475.005(6)(b) "specifically provides that the definition of 'controlled substance' does not include marijuana." Defendant acknowledges that the definition of controlled substance in ORS 475.005(6)(a) "is limited by its terms to [ORS] 475.005 to 475.285 * * * and [ORS] 475.752 to 475.980," and that "ORS 137.540 does not specifically refer to ORS 475.005," but nonetheless argues that the definition of controlled substances in ORS 475.005(6) is "used in many other contexts" in the Oregon Revised Statutes, and "there is no reason to believe that the legislature intended that a different meaning should apply in the context of general probation conditions."

The state responds that the definition of controlled substances in ORS 475.005(6)—which, as noted above, excludes marijuana—"expressly applies only to some statutes included in ORS chapter 475, and hence does not apply more broadly to also encompass ORS chapter[] 137." The state also argues that, in ORS 137.542(2), the legislature enacted a "special exemption from the condition in ORS 137.540(1)(b) for medical-marijuana cardholders," which

"necessarily reflects the legislature's understanding that marijuana otherwise is a 'controlled substance'" for purposes of ORS 137.540(1)(b).

The issue now before us is whether the trial court permissibly determined that defendant, by using marijuana, violated the general condition of probation imposed by ORS 137.540(1)(b). That issue turns on whether the trial court's construction of that condition of probation was correct. That presents a question of statutory interpretation, which we review for legal error. *Rider v. Carranza*, 306 Or App 616, 618, 475 P3d 467 (2020) (noting that we review questions of statutory interpretation for legal error); *see also State v. Adams*, 302 Or App 730, 739-40, 462 P3d 761 (2020) (noting, with regard to a special condition of probation, that "[w]e review a trial court's interpretation of a probation condition for legal error").

In interpreting statutes, "we seek to determine the legislature's intention, by reviewing the statutory text and context, and, if the court concludes that it appears useful to the analysis, the legislative history." *TriMet v. Amalgamated Transit Union Local 757*, 362 Or 484, 493, 412 P3d 162 (2018). We start with the statutory text because it is "the best evidence of the legislature's intent." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993).

As noted, ORS 137.540(1)(b) provides that, as a general condition of probation, a probationer is prohibited from using or possessing "controlled substances except pursuant to a medical prescription." "Controlled substances," as that phrase is used in ORS 137.540(1)(b), is not explicitly defined in the Oregon Revised Statutes, but as a legal term, a "controlled substance" is commonly understood to be "[a] drug that is illegal to possess or use without a doctor's prescription." *Black's Law Dictionary* 417 (11th ed 2019).

That definition, however, does not provide definitive guidance in this case. In 2014, Oregon voters approved "Ballot Measure 91, which legalized the production and sale of marijuana for recreational use under state law," but the "manufacture, distribution, dispensation, and possession of marijuana are illegal under federal law, even when

authorized by state law." *Diesel v. Jackson County*, 284 Or App 301, 302, 302 n 1, 391 P3d 973 (2017).

Indeed, under the federal Controlled Substances Act, marijuana is a "controlled substance," and it is illegal to possess. 21 USC § 802 (defining "controlled substance" as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter"); 21 USC § 812 (listing "marihuana" as a schedule I drug); 21 USC § 844(a) (providing that, subject to certain exceptions, "it shall be unlawful for any person knowingly or intentionally to possess a controlled substance"). In contrast, under Oregon's Uniform Controlled Substances Act, "cannabis" (*i.e.*, marijuana) is specifically excluded from the definition of "controlled substance."[2] ORS 475.005(6) (defining "controlled substance" as a "a drug or its immediate precursor classified in Schedules I through V under the federal Controlled Substances Act" but excluding, among other things, "[a]ny part of the plant Cannabis family Cannabaceae, whether growing or not"). Pursuant to ORS 475.005, the definition of "controlled substance" in ORS 475.005(6) covers statutes within Oregon's Uniform Controlled Substances Act, and ORS 475.005 does not mention the specific statutory subsection at issue in this case, ORS 137.540(1)(b), nor does ORS 137.540(1)(b) incorporate the definition of controlled substance from ORS 475.005(6).

Thus, the text of ORS 137.540(1)(b), standing alone, does not provide conclusive guidance in this case. The text, in context, and pertinent legislative history, however, reflect that the legislature did not intend for marijuana to be considered a "controlled substance" under the current version of ORS 137.540(1)(b).

As an initial matter, we observe that, although ORS 137.540(1)(b) prohibits probationers from using or possessing "controlled substances except pursuant to a medical prescription," ORS 137.540(1)(c) requires probationers to:

---

[2] ORS 475.005(6) excludes "cannabis" from the definition of controlled substances. Cannabis is colloquially known as "marijuana." *Stedman's Medical Dictionary* 278 (27th ed 2000) (noting that "cannabis" is "[k]nown by many colloquial or slang terms such as marihuana; marijuana; pot; grass; bhang; charas; ganja; hashish").

> "Submit to testing for controlled substance, *cannabis* or alcohol use if the probationer has a history of substance abuse or if there is a reasonable suspicion that the probationer has illegally used controlled substances."

ORS 137.540(1)(c) (emphasis added).

In interpreting statutes, "we assume that the legislature did not intend any portion of its enactments to be meaningless surplusage," *State v. Stamper*, 197 Or App 413, 418, 106 P3d 172, *rev den*, 339 Or 230 (2005), and "the general assumption of consistency counsels us to assume that the legislature intended the same word to have the same meaning throughout related statutes unless something in the text or context of the statute suggests a contrary intention," *Village at Main Street Phase II v. Dept. of Rev.*, 356 Or 164, 175, 339 P3d 428 (2014).

Given the general assumption of consistency, construing "controlled substances," as that phrase is used in ORS 137.540(1)(b), to include cannabis, would suggest that the reference to "cannabis" in ORS 137.540(1)(c) serves no purpose. That is so because it would suggest the phrase "controlled substance," as used in ORS 137.540(1)(c), includes cannabis as well. *See Pete's Mountain Homeowners v. Ore. Water Resources*, 236 Or App 507, 518, 238 P3d 395 (2010) ("It is a longstanding principle of statutory construction that words may be assumed to be used consistently throughout a statute."). We assume that was not the legislature's intent. *State v. Cloutier*, 351 Or 68, 98, 261 P3d 1234 (2011) (observing that "an interpretation that renders a statutory provision meaningless should give us pause"). That suggests to us that the legislature did not intend for the phrase "controlled substances" in ORS 137.540(1)(b) to include marijuana.

That understanding is borne out by additional context and legislative history. Prior to 2017, marijuana was a "controlled substance" as that phrase is defined in Oregon's Uniform Controlled Substances Act.[3] Additionally, prior to

---

[3] ORS 475.005(6) (2015), *amended by* Or Laws 2017, ch 21, § 22; Or Laws 2017, ch 706, § 16; Or Laws 2019, ch 358, § 16; Ballot Measure 109 (2020), provided that "controlled substance":

"(a) Means a drug or its immediate precursor classified in Schedules I through V under the federal Controlled Substances Act, 21 U.S.C. 811 to 812,

2017, ORS 137.540(1)(c) did not include the word "cannabis," such that ORS 137.540(1)(b) and (c) required probationers to:

> "(b)   Not use or possess controlled substances except pursuant to a medical prescription.
>
> "(c)   Submit to testing for controlled substance or alcohol use if the probationer has a history of substance abuse or if there is a reasonable suspicion that the probationer has illegally used controlled substances."

ORS 137.540(1)(b), (c) (2015), *amended by* Or Laws 2017, ch 21, § 40; Or Laws 2017, ch 670, § 3; Or Laws 2017, ch 689, § 1; Or Laws 2018, ch 120, § 10.

In 2017, the legislature enacted SB 302, which amended, among other statutes, ORS 475.005 and ORS 137.540. *See* Or Laws 2017, ch 21, §§ 22, 40. Rob Bovett, Legal Counsel for the Association of Oregon Counties, was part of the SB 302 workgroup and testified before the Joint Committee on Marijuana Regulation regarding SB 302. Audio Recording, Joint Committee on Marijuana Regulation, SB 302, Feb 14, 2017, at 00:01:33, 00:03:42 (comments of Rob Bovett), https://olis.leg.state.or.us (accessed Dec 14, 2013).

Bovett explained that the impetus for SB 302 was the need to "remove marijuana itself from the state Controlled Substances Act." *Id.* at 00:02:40; *see also* Audio Recording, Joint Committee on Marijuana Regulation, SB 302, Feb 14, 2017, at 00:32:10 (comments of Gail Meyer), https://olis.leg.state.or.us (accessed Dec 14, 2013) (noting SB 302 was "an amalgamation of fixes proposed by a bunch of stakeholders" with the goal of "pull[ing] marijuana out of" Oregon's Uniform Controlled Substances Act). Bovett further explained that, "in order to remove something from the [Oregon Uniform Controlled Substances Act]," the legislature needed to not only amend Oregon's Uniform Controlled

---

as modified under ORS 475.035. The use of the term 'precursor' in this paragraph does not control and is not controlled by the use of the term 'precursor' in ORS 475.752 to 475.980.

"(b)   Does not mean industrial hemp, as defined in ORS 571.300, or industrial hemp commodities or products."

And, as described above, marijuana is a schedule I drug under the federal Controlled Substances Act. 21 USC § 812.

Substances Act, but also to "amend literally hundreds of statutes that refer to controlled substances and replace those with words such as cannabis or marijuana or leave them intact unamended depending on whether [the word cannabis or marijuana] is logical to include or not include." Audio Recording, Joint Committee on Marijuana Regulation, SB 302, Feb 14, 2017, at 00:03:10 (comments of Rob Bovett), https://olis.leg.state.or.us (accessed Dec 14, 2013). Thus, in addition to removing marijuana from the definition of "controlled substance" in Oregon's Uniform Controlled Substances Act, SB 302 "[c]hange[d] statutes referencing controlled substances and their applicability to cannabis and cannabis-derived products." Staff Measure Summary, Joint Committee on Marijuana Regulation, SB 302, Mar 7, 2017.

As amended by SB 302, ORS 475.005(6) expressly excludes cannabis from the definition of a "controlled substance" in Oregon's Uniform Controlled Substances Act. Or Laws 2017, ch 21, § 22.[4]

Additionally, SB 302 added the word "cannabis" in over 50 places in the Oregon Revised Statutes to statutes that, prior to enactment of SB 302, explicitly referenced "controlled substances," but did not reference "cannabis." Or Laws 2017, ch 21, *passim*. For example, SB 302 added the word "cannabis" to ORS 163.197(4)(a)(C) (defining "haze" as to "compel an individual to consume food, liquid, alcohol, *cannabis,* controlled substances or other substances that subject the individual to an unreasonable risk of harm or adversely affect the physical health or safety of the individual" (emphasis added)), ORS 430.402(1) (providing political

---

[4] SB 302 amended ORS 475.005(6)(b) to provide that "controlled substance" "Does not include:

"(A) The plant Cannabis family Cannabaceae;

"(B) Any part of the plant Cannabis family Cannabaceae, whether growing or not;

"(C) Resin extracted from any part of the plant Cannabis family Cannabaceae;

"(D) The seeds of the plant Cannabis family Cannabaceae; or

"(E) Any compound, manufacture, salt, derivative, mixture or preparation of a plant, part of a plant, resin or seed described in this paragraph."

Or Laws 2017, ch 21, § 22.

subdivisions shall not adopt or enforce any local law or regulation that makes "[u]sing or being under the influence of *cannabis* or controlled substances" an "offense, a violation or the subject of criminal or civil penalties or sanctions of any kind" (emphasis added)), and ORS 830.365(4) (providing that "[n]o person shall ride or manipulate any water skis, surfboard or similar device while under the influence of an intoxicating liquor, *cannabis* or a controlled substance" (emphasis added)). Or Laws 2017, ch 21, §§ 42, 60, 92.

Of particular importance here, in SB 302, the legislature added the word "cannabis" to ORS 137.540(1)(c), such that after enactment of SB 302, ORS 137.540(1)(c) requires certain probationers to submit "to testing for controlled substance, *cannabis* or alcohol use." Or Laws 2017, ch 21, § 40 (emphasis added).[5] SB 302 did not, however, add the word cannabis to or otherwise modify ORS 137.540(1)(b). Thus, both before and after enactment of SB 302, ORS 137.540 (1)(b) prohibits probationers from using or possessing "controlled substances except pursuant to a medical prescription," and does not expressly reference cannabis.

SB 302 also removed the phrase "other than marijuana" in statutes where its presence would be superfluous given that the SB 302 removed cannabis from the definition of "controlled substance" in ORS 475.005(6). Or Laws 2017, ch 21, § 26 (removing the phrase "other than marijuana" from ORS 475.752(3), which, prior to enactment of SB 302, provided, in part, that "[i]t is unlawful for any person knowingly or intentionally to possess a controlled substance, other than marijuana, unless the substance was obtained directly from, or pursuant to a valid prescription or order"); Or Laws 2017, ch 21, § 31 (removing the phrase "other than marijuana" from ORS 475.934, which, prior to enactment of SB 302, prohibited a sentencing court from imposing a sentence of optional probation, or granting a downward dispositional departure or a downward durational departure if the

---

[5] The amendments to ORS 137.540 in SB 302 apply "to conduct occurring on or after the effective date of this 2017 Act," which was April 21, 2017. Or Laws 2017, ch 21, §§ 40, 127, 129. The probation officer alleged defendant had admitted that he smoked marijuana in late April 2018, which is after the effective date of SB 302.

person had a previous conviction for, among other crimes, the "[m]anufacture or delivery of a controlled substance, other than marijuana, under ORS 475.752 (1)").

In our view, the foregoing discussion of SB 302 reflects two things. First, the legislature intended that, following enactment of SB 302, the phrase "controlled substances," when used in the Oregon Revised Statutes, generally would not include cannabis.[6] That is why the legislature added the word "cannabis" in over 50 places in the Oregon Revised Statutes to statutes that had previously mentioned "controlled substances" but had not specifically mentioned cannabis, and why the legislature removed the phrase "other than marijuana" in various statutes that, prior to enactment of SB 302, referenced controlled substances "other than marijuana."

Second, in enacting SB 302, the legislature made a purposeful decision to amend (or not to amend) statutes that had previously referenced "controlled substances" but had not referenced cannabis, and did so "depending on whether [it was] logical to include or not to include" the word cannabis in such statutes after amending the definition of "controlled substance" in ORS 475.005(6) to expressly exclude cannabis. *See* Audio Recording, Joint Committee on Marijuana Regulation, SB 302, Feb 14, 2017, at 00:03:10 (comments of Rob Bovett), https://olis.leg.state.or.us (accessed Dec 14, 2020).

We therefore conclude that the legislature did not intend for the phrase "controlled substances" in ORS 137.540(1)(b) to include marijuana. We understand the legislature's decision to add the term "cannabis" to ORS 137.540(1)(c) and not to similarly add the word "cannabis" to ORS 137.540(1)(b) to be a purposeful one, and believe that, had the legislature intended probationers to be prohibited from possessing and using marijuana under ORS 137.540 (1)(b), it would have amended that subsection to so provide, just as the amendments enacted by SB 302 added the word "cannabis" in over 50 places in the Oregon Revised

---

[6] We do not rule out, however, that there may be instances where, with respect to a particular statute, the text, context, and legislative history point toward a contrary conclusion with respect to that particular statute.

Statutes to statutes that previously mentioned "controlled substances" but did not mention "cannabis," including in ORS 137.540(1)(c).[7]

In taking a contrary view, the state points to ORS 137.542(2). That statute provides:

> "Notwithstanding ORS 137.540, if a person who holds a registry identification card is sentenced to probation, supervision conditions related to the use of usable marijuana, medical cannabinoid products, cannabinoid concentrates or cannabinoid extracts must be imposed in the same manner as the court would impose supervision conditions related to prescription drugs."[8]

The state contends that, under that provision, "a person with a properly issued medical-marijuana registry card is exempt from the general condition of probation in ORS 137.540 (1)(b)—*i.e.*, such a card is effectively treated as 'a medical prescription' for purposes of the exception in that provision." In the state's view, "if marijuana were not within the scope of [ORS 137.540(1)(b)], then it would not have been necessary to enact that special exemption for medical-marijuana cardholders."

We disagree. The "effect of ORS 137.542(2) is that a special probation condition regarding marijuana use must contain an exception for marijuana use that complies with Oregon's medical marijuana laws, if the probationer holds a medical marijuana registry identification card." *State v. Kilgore*, 295 Or App 602, 604-05, 435 P3d 817 (2019). Thus, under our construction of the phrase "controlled substances"

---

[7] We note that the phrase "controlled substances" was added to ORS 137.540(1)(b) in 1993 by Senate Bill (SB) 139 (1993). Or Laws 1993, ch 680, § 16. Given the legislative history of SB 302, however, and in particular, the legislature's amendment to the definition of controlled substance in ORS 475.005(6) to expressly exclude cannabis and the legislature's amendment to ORS 137.540 (1)(c) to expressly include cannabis, we understand SB 302 to control the meaning of the phrase "controlled substances" in ORS 137.540(1)(b). *See State v. Ofodrinwa*, 353 Or 507, 529, 300 P3d 154 (2013) (rejecting defendant's argument that the "1991 legislature's intent is not relevant to determining what a phrase enacted in 1983 means" because the 1991 amendment was "the legislature's last word on the subject and, as such, controls the meaning of the phrase").

[8] ORS 137.542(2) was amended in 2019. Or Laws 2019, ch 292, § 8. That amendment does not affect our analysis and we refer to the current version of the statute in this opinion.

as used in the general condition of probation provided by ORS 137.540(1)(b)—*i.e.*, that that phrase excludes cannabis— ORS 137.542(2) serves a function and is not meaningless surplusage. *Stamper*, 197 Or App at 418 ("[W]e assume that the legislature did not intend any portion of its enactments to be meaningless surplusage."). It places a limitation on certain special conditions of probation related to marijuana.[9]

In sum, considering text, context, and legislative history, we conclude the phrase "controlled substances" in ORS 137.540(1)(b) does not include marijuana. Accordingly, we conclude that the trial court erred. We reverse and remand.

Reversed and remanded.

---

[9] In support of its argument concerning ORS 137.542(2), the state cites *State v. Bowden*, 292 Or App 815, 425 P3d 475 (2018). That case is distinguishable and not controlling here, as it concerned special conditions of probation. *Id.* at 816.