Submitted December 30, 2021; remanded for resentencing, otherwise affirmed February 2, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GARY EUGENE CARLSON,
*Defendant-Appellant.*

Yamhill County Circuit Court
20CR25605; A174333

504 P3d 1284

Defendant challenges special conditions of probation that prohibit him from consuming or possessing marijuana and from entering marijuana dispensaries. He argues that the conditions are unlawful under ORS 137.540(1)(b), which establishes a general condition of probation regarding "controlled substances," and ORS 137.542(2), which requires that conditions related to marijuana be imposed upon those who hold marijuana registry identification cards in the same manner as conditions relating to prescription drugs. *Held*: Under *State v. Heaston*, 308 Or App 694, 482 P3d 167 (2021), the term "controlled substances" in ORS 137.540(1)(b) does not include marijuana, so the challenged conditions were not unlawful in connection with ORS 137.540(1)(b). However, to the extent that defendant held a marijuana registry identification card, the conditions would have been unlawful under ORS 137.542(2). Because the conditions were announced for the first time in the judgment, defendant was not given an opportunity to establish whether he was a cardholder, necessitating remand.

Remanded for resentencing; otherwise affirmed.

Ladd J. Wiles, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

AOYAGI, J.

Remanded for resentencing; otherwise affirmed.

**AOYAGI, J.**

Defendant was convicted of felony driving under the influence of intoxicants, ORS 813.011, and driving while suspended or revoked, ORS 811.182. As part of his sentence, he is serving two years of supervised probation with general and special conditions. The special conditions imposed in the sentencing judgment include (1) that defendant "not consume or possess alcoholic beverages or marijuana" and (2) that defendant "not enter any establishment whose primary income is derived from the sale of alcoholic beverages or marijuana (taverns, bars, liquor stores, dispensaries, etc.)." Defendant challenges those conditions as unlawful. Because the conditions were not announced at sentencing but appeared for the first time in the judgment, defendant is excused from the normal requirements to preserve the claim of error for appeal. *State v. Fryer*, 295 Or App 662, 663 & n 1, 435 P3d 824 (2019).

We review for legal error whether a special condition of probation conforms to statutory limits. *State v. Heaston*, 308 Or App 694, 697, 482 P3d 167 (2021). Here, defendant contends that the challenged conditions are unlawful because of two statutes. ORS 137.540(1)(b) creates a general condition of probation that a probationer shall "[n]ot use or possess controlled substances except pursuant to a medical prescription." And ORS 137.542(2) provides that "if a person who holds a registry identification card is sentenced to probation, supervision conditions related to the use of usable marijuana, medical cannabinoid products, cannabinoid concentrates or cannabinoid extracts must be imposed in the same manner as the court would impose supervision conditions related to prescription drugs."

With respect to the general condition of probation in ORS 137.540(1)(b), it is well established at this point that trial courts may craft special conditions of probation to "supplement" the general and special conditions already created by the legislature, but not to "override" them. *State v. Bowden*, 292 Or App 815, 818, 425 P3d 475 (2018); *see also State v. Schwab*, 95 Or App 593, 597, 771 P2d 277 (1989) (ORS 137.540(2) "only allows a court to impose other types of conditions that are not already addressed in the statute.").

Thus, if the general condition regarding "controlled substances" in ORS 137.540(1)(b) encompassed marijuana, the trial court's ability to impose a special condition regarding marijuana would be limited, as defendant argues.

Shortly after defendant filed his opening brief, however, we decided *Heaston*. There, the defendant had been found by the trial court to have violated the general condition of probation in ORS 137.540(1)(b)—that he not "use or possess controlled substances except pursuant to a medical prescription"—based on his use of recreational marijuana. *Heaston*, 308 Or App at 696. The defendant argued that marijuana was no longer a "controlled substance" within the meaning of ORS 137.540(1)(b), while the state argued that it was. *Id.* As a matter of statutory construction, we agreed with the defendant. Considering the comprehensive changes that the 2017 legislature made to Oregon's laws to reflect the 2014 legalization of recreational marijuana, we concluded that the 2017 legislature "did not intend for the phrase 'controlled substances' in ORS 137.540(1)(b) to include marijuana." *Id.* at 703. It followed that the defendant could not be found in violation of the general condition in ORS 137.540 (1)(b) for using recreational marijuana. *Id.* at 705.

*Heaston* forecloses defendant's reliance on ORS 137.540(1)(b) to challenge the special conditions in this case. Because the general condition in ORS 137.540(1)(b) does not apply to marijuana, the existence of that general condition is irrelevant to the imposition of special conditions relating to marijuana.[1] We therefore reject defendant's argument based on ORS 137.540(1)(b).

---

[1] We note that, to the extent that there may appear to be tension between *Bowden* and *Heaston*, there is not in reality. In *Bowden*, we held that it was unlawful to have imposed special probation conditions on the defendant regarding marijuana for two reasons: (1) because the general condition regarding "controlled substances" in ORS 137.540(1)(b) limited the court's ability to impose special conditions regarding marijuana, under the principle articulated in *Schwab*, 95 Or App at 597; and (2) because ORS 137.542 limited the court's ability to impose special conditions regarding marijuana on a registry cardholder. *Bowden*, 292 Or App at 818-19. As to the former point, it is significant that we were reviewing a 2016 judgment. It was the 2017 legislature's work—not the 2014 legalization of recreational marijuana itself—that led us to conclude in *Heaston* that the term "controlled substances" in ORS 137.540(1)(b) no longer includes marijuana. 308 Or App at 703-05. In short, *Bowden* considered the *pre-2017* meaning of "controlled substances" in ORS 137.540(1)(b), whereas *Heaston* addressed the *post-2017* meaning of "controlled substances" in ORS 137.540(1)(b).

As for defendant's argument based on ORS 137.542(2)—which requires conditions related to marijuana to be imposed upon those who hold marijuana registry identification cards "in the same manner as the court would impose supervision conditions related to prescription drugs"—the state concedes that the trial court erred in imposing the special conditions that it did in the manner that it did, but it maintains that reversal is not the appropriate remedy. Instead, the state urges us to remand for defendant to be given an opportunity to provide evidence that he holds a marijuana registry identification card. That approach is consistent with recent case law, which implicitly construes ORS 137.542(2) as making the holding of a marijuana registry identification card a prerequisite to its application. *See* ORS 137.542(2) (imposing restrictions on the probation conditions that may be imposed "if a person who holds a registry identification card is sentenced to probation"); ORS 137.542(2) (2017) (restricting "the conditions of supervision of a person who holds a registry identification card and is sentenced to probation").

In *State v. Kilgore*, 295 Or App 602, 604-05, 435 P3d 817 (2019), the trial court had imposed a special probation condition that the defendant not consume or possess marijuana, which appeared for the first time in the judgment. The defendant argued on appeal that that condition was unlawful under ORS 137.542(2) and asked that it either be stricken or modified to allow the use of medical marijuana. *Id.* at 604. The state argued in response that ORS 137.542(2) does not apply in all circumstances but only where the defendant is a medical marijuana cardholder, and it urged us to remand for resentencing so that the trial court could make that factual determination. *Id.* We agreed with the state and remanded for the trial court "to determine whether defendant holds a medical marijuana registry identification card, thus triggering the statute" and, "[i]f so," to "modify the special conditions to comply with the statute." *Id.* at 605. We have taken the same approach in other cases in which special probation conditions have been challenged based on ORS 137.542(2). *See State v. Miller*, 299 Or App 515, 516, 450 P3d 578 (2019); *State v. Fryer*, 295 Or App 662, 663, 435 P3d 824 (2019);

*State v. Jerscheid*, 294 Or App 564, 565, 432 P3d 380 (2018).[2]

Accordingly, the trial court erred in imposing special conditions of probation that completely prohibit defendant from using or possessing marijuana and from entering any marijuana dispensary, without giving defendant an opportunity to establish whether he holds a marijuana registry identification card. If defendant is a cardholder, then, under ORS 137.542(2), the trial court must impose supervision conditions related to usable marijuana, medical cannabinoid products, cannabinoid concentrates, and cannabinoid extracts in the same manner as it would impose supervision conditions related to prescription drugs.[3]

Remanded for resentencing; otherwise affirmed.

---

[2] In *State v. Cunningham*, 299 Or App 523, 527, 451 P3d 268 (2019), we rejected an unpreserved argument that ORS 137.542(2) should be construed such that, even "in the absence of evidence that the person holds a registry identification card, the probation conditions must *** treat medically prescribed marijuana the same as other prescription medications." Because "the text of the statute does not obviously require that reading," among other things, we concluded that any error was not plain. *Id*. At the same time, we acknowledged that we have never addressed that "precise issue" in a preserved posture. *Id*. In this case, defendant has not developed any argument akin to the one made in *Cunningham*, and so we follow existing precedent in terms of our disposition. In doing so, however, we do not foreclose future arguments any more than *Cunningham* did. We also do not foreclose future arguments regarding the meaning of "in the same manner as it would impose supervision conditions related to prescription drugs," ORS 137.542(2), a phrase that we have never formally construed.

[3] Defendant has not contested on appeal that the challenged special conditions are "reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both." ORS 137.540(2). We therefore do not consider that issue.