No. 20                January 2, 2025                317

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL REGINALD GRAY,
*Defendant-Appellant.*

Douglas County Circuit Court
20CR62593; A181764

George William Ambrosini, Judge.

Submitted November 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment that revoked his probation. In two assignments of error, defendant argues that the trial court erred when it imposed a post-prison supervision (PPS) term in the judgment that differed from the term that it had announced at the probation violation hearing. We affirm.

"We review sentencing decisions for legal error." *State v. Tison*, 292 Or App 369, 372, 424 P3d 823, *rev den*, 363 Or 744 (2018).

Defendant pleaded no contest to two counts of unlawful use of a weapon, ORS 166.220. Defendant's plea agreement provided:

> "In exchange for my plea, the District Attorney has agreed to stipulate to a Grid Block 6-D DOC; Downward departure to 30 days incarceration with 3 years probation, mental health evaluation and follow all recommendations with the regular terms of probation. If probation is revoked the sentence would be 12 months and a day."

After a probation revocation hearing, the court announced that it was revoking defendant's probation, that it would sentence him to prison, and that "it looks like at a level (6) *** 12 months of post-prison supervision." The court subsequently entered a judgment that imposed a 24-month post-prison supervision (PPS) term. This appeal followed.

In a combined argument, defendant contends that the trial court impermissibly modified his sentence after announcing a different PPS term in open court. "A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (citations omitted). However, we lack authority "to review any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant." ORS 138.105(9).

Here, the parties stipulated that defendant would be sentenced to "a Grid Block 6-D DOC; Downward departure

to 30 days incarceration with 3 years probation." The PPS term for that grid block is 24 months, OAR 213-004-0001, and "departures on the duration of PPS are not allowed." *State v. Dillon*, 306 Or App 558, 559, 473 P3d 146 (2020); OAR 213-005-0002(1). Thus, despite what the trial court announced at the probation revocation hearing, defendant's 24-month PPS term "result[ed] from a stipulated sentencing agreement between the state and *** defendant" and we "[have] no authority to review any part" of that sentence. ORS 138.105(9).

Affirmed.