Argued and submitted October 28, 1988, conviction affirmed; probation condition (7)
vacated; remanded for resentencing March 22, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## JOSEPH GERALD SCHWAB,
*Appellant.*

(C87-07-33789; CA A46832)

771 P2d 277

Peter Gartlan, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for theft in the first degree. ORS 164.055. He contends that the court erred by not granting his motion for mistrial and by imposing a condition of probation that allows his probation officer to search him, his home and his vehicle. We affirm the conviction and remand for reconsideration.

The facts relevant to this appeal are not disputed. Defendant was indicted for the theft of jewelry from an acquaintance. He testified on direct examination that he had previously been convicted of robbery in the third degree and provided a brief description of the incident. On cross-examination, the prosecutor asked:

"Q: Let's talk about [the previous crime]. The victim was a 73 year old woman; is that—

"A: That's why I felt so bad. I didn't—go ahead."

Defendant's counsel objected to the prosecutor's questioning concerning the other crime as beyond the scope of rebuttal allowed under OEC 609(3) and moved for mistrial. Although the court apparently agreed that the reference to the 73-year-old victim was improper, it denied the request for mistrial, because defendant had already voluntarily elaborated on the facts of his crime. There were no other references to the victim.

The court suspended imposition of sentence and put defendant on five years' probation subject to numerous conditions, including the requirement that he submit to the searches by his probation officer.

Defendant first contends that the court erred in denying his motion for mistrial. He argues that the prosecutor's reference to the victim as a 73-year-old woman was improper under OEC 609(3),[1] prejudicial and inflamatory. A trial court has discretion to determine whether to grant a mistrial, and

---

[1] OEC 609(3) provides:

"When the credibility of a witness is attacked by evidence that the witness has been convicted of a crime, the witness shall be allowed to explain briefly the circumstances of the crime or former conviction; once the witness explains the circumstances, the opposing side shall have the opportunity to rebut the explanation."

we reverse only if it was likely that the jury drew an improper inference from the comment. *State v. Madison,* 93 Or App 182, 187, 760 P2d 1384 (1988). Defendant did not request a limiting instruction, and none was given. The reference to the victim and her age was not sufficiently prejudicial to require a mistrial. Accordingly, the trial court did not err in denying defendant's motion.

■　　Defendant next contends that the condition of probation requiring submission to searches and seizures was not authorized by statute.[2] ORS 137.540(2)(L) provides:

"(2)　In addition to the general conditions, the court may impose special conditions of probation for the protection of the public or reformation of the offender, or both, including, but not limited to, that the probationer shall:

"* * * * *

"(L)　Submit person, residence, vehicle and property to search by a probation officer *having reasonable grounds to believe such search will disclose evidence of a probation violation.*" (Emphasis supplied.)

The condition imposed here requires that defendant

"submit to search of his person, automobile and premises and seizure of any contraband without consent and without a search warrant by his probation officer to verify compliance with the conditions of probation."

Defendant argues that requiring submission to searches as a condition of probation is authorized only if the probation officer has reasonable grounds to believe that a search will disclose evidence of a probation violation, as required by ORS 137.540(2)(L). After orally ordering probation, the court confirmed that the condition did not require that a probation officer have a reasonable belief that a violation had occurred.[3] Consequently, the state does not dispute

---

[2] It appears from *State v. Carmickle,* 307 Or 1, 6-7, 762 P2d 290 (1988), and the state assumes for purposes of this appeal, that an order of probation is appealable and conditions of probation are reviewable under ORS 138.040. *See State v. Donovan,* 307 Or 461, 770 P2d 581 (1989).

[3] After the condition was orally imposed, this colloquy occurred:

"[Defendant's counsel]: Yes. Condition [(7)], search by probation officer. I assume that the Court means there has to be reasonable grounds?

"THE COURT: The standard condition that I impose is search by the probation officer to verify that he is maintaining conditions of probation. That doesn't require a reason to believe that he is violating."

that the condition lacks a prerequisite similar to the one listed in the statute. Instead, it argues that the court need not replicate the provision, because ORS 137.540(2) allows conditions "including, but not limited to," those enumerated. However, that language only allows a court to impose other types of conditions that are not already addressed in the statute. Conditions that the legislature specifically defined are statutory restrictions to which a court must conform when imposing probation conditions. *State v. Stephens,* 47 Or App 305, 310, 614 P2d 1180 (1980). Because the court did not conform the condition to the requirements of ORS 137.540(2)(L), we vacate condition (7) and remand for reconsideration.

Conviction affirmed; probation condition (7) vacated; remanded for resentencing.