Argued and submitted November 30, conviction affirmed; remanded for
resentencing December 30, 1992

# STATE OF OREGON,
## *Respondent,*

*v.*

# ROBERT L. SMITH,
## *Appellant.*

## (91 CR 0423; CA A70392)

844 P2d 276

Sally L. Avera, Public Defender, and Dan Maloney, Deputy Public Defender, Salem, argued the cause and filed the brief for appellant.

Ann M. Feusse, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals from a conviction for driving under the influence of intoxicants (DUII). ORS 138.040; ORS 138.053. We affirm the conviction without discussion but remand for resentencing.

■ Defendant assigns two errors regarding his sentence. First, he argues that the trial court exceeded its statutory authority in both sentencing him and placing him on probation in the same sentencing order. The trial court imposed a jail sentence of 30 days with 27 days suspended and — as part of the same order — placed defendant on probation for 36 months with conditions. Neither imposition nor execution of sentence was suspended. The sentence violates ORS 137.010.[1] *State v. Vasby*, 101 Or App 1, 788 P2d 1024 (1990).

■ Because this issue may arise again on remand, we address defendant's challenges to the conditions of probation. He was required to "submit to [a] blood/breath/urine test if requested by police." The state concedes that the trial court erred by not limiting the tests to those intended to determine blood alcohol level. The state also concedes that there must be "reasonable grounds" to justify the tests. ORS 137.540(2)(k). We accept those concessions.

■ Defendant also argues that the trial court erred when it ordered that defendant submit to tests when requested by *police*. ORS 137.540(2)(K) provides:

"In addition to the general conditions, the court may impose special conditions of probation for the protection of

---

[1] ORS 137.010 provides, in part:

"(4) If the court suspends the imposition or execution of sentence * * * the court may also place the defendant on probation for a definite or indefinite period of not more than five years * * *.

"* * * * *

"(7) When a person is convicted of an offense and the court does not suspend the imposition or execution of sentence * * * the court shall impose the following sentence:

"(a) A term of imprisonment;

"(b) A fine;

"(c) Both imprisonment and a fine; or

"(d) Discharge of the defendant."

the public or reformation of the offender, or both, including, but not limited to, that the probationer shall:

"\* \* \* \* \*

"(K) Submit person, residence, vehicle and property to search *by a probation officer* having reasonable grounds to believe such search will disclose evidence of a probation violation." (Emphasis supplied.)

In *State v. Schwab*, 95 Or App 593, 771 P2d 277 (1989), the state argued that ORS 137.540(2) gives courts the discretion to fashion special conditions of probation that conflict with the enumerated conditions of the statute, because the statute provides for conditions, "including, but not limited to" those listed. We refused to interpret the clause so expansively, saying:

"[T]hat language only allows a court to impose *other types of conditions that are not already addressed in the statute.* Conditions that the legislature specifically defined are statutory restrictions to which a court must conform when imposing *probation conditions.*" 95 Or App at 597. (Emphasis supplied.)

The state essentially presents us with the same argument and invites us to overrule *Schwab*, because it "goes too far and proves too much."

We adhere to our holding in *Schwab* and again reject the argument that ORS 137.540(2) creates an unlimited right for courts to create terms of probation. If a special condition has been expressly included in ORS 137.540(2), the limits of that condition have been defined, and the court must conform to them. A court may order a person on probation to submit to a search only insofar as it conforms to the statute. ORS 137.540(2)(K) specifically designates the probation officer as the person to whom a person on probation may be required to submit for a search.

Conviction affirmed; remanded for resentencing.