Argued and submitted April 28, conviction affirmed; remanded for entry of corrected judgment June 22, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES JOSEPH CAMPBELL,
*Appellant.*

(91-61560; CA A78644)

876 P2d 799

Hari Nam S. Khalsa, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Defendant, who was convicted for driving under the influence of intoxicants (DUII), asserts that the sentencing court exceeded its authority in imposing a condition of probation that requires defendant to submit, under certain circumstances, to breath, blood, or field sobriety tests upon the request of any peace officer. We remand for entry of a modified judgment.[1]

The disputed probation condition provides:

"(17)   Defendant shall submit to tests of breath or blood or field sobriety tests at request of any *peace* or probation officer who reasonably suspects that defendant has been driving under the influence of intoxicants, has committed any other offense involving alcohol, or has violated clauses (18) or (19) if checked.

"(18)   Defendant shall not operate a motor vehicle after consuming any intoxicant.

"(19)   Defendant shall not buy, consume or possess any alcoholic beverages." (Emphasis supplied.)

The trial court checked clauses (18) and (19) on the judgment form.

Defendant argues that, under *State v. Smith*, 117 Or App 473, 844 P2d 276 (1992), the requirement that he submit to testing upon request by peace officers, as well as probation officers, impermissibly transcends *former* ORS 137.540-(2)(m).[2] That statute provided, in part:

---

[1] Defendant also assigns as error the exclusion of certain evidence at trial. We reject that assignment and affirm defendant's conviction without further discussion.

[2] After defendant was sentenced, the legislature replaced *former* ORS 137.540(2)(m) with the present ORS 137.540(1)(i), which provides:

"The court may sentence the defendant to probation, which shall be subject to the following general conditions unless specifically deleted by the court. The probationer shall:

"* * * * *

"(i)   Consent to the search of person, vehicle or premises upon the request of a representative of the supervising officer if the supervising officer has reasonable grounds to believe that evidence of a violation will be found, and submit to fingerprinting or photographing, or both, when requested by the Department of Corrections or a county community corrections agency for supervision purposes."

*Accord* ORS 137.540(1)(c) (general condition of probation requiring defendant to submit to breath and urine testing if, *inter alia*, "there is a reasonable suspicion that the probationer has illegally used controlled substances").

"In addition to the general conditions, the court may impose special conditions of probation for the protection of the public or reformation of the offender, or both, including, but not limited to, that the probationer shall:

"\* \* \* \* \*

"(m)   Submit person, residence, vehicle and property to search *by a probation officer* having reasonable grounds to believe such search will disclose evidence of a probation violation." (Emphasis supplied.)

In *State v. Smith, supra,* we considered the validity of a special condition of probation that required a DUII defendant to "submit to [a] blood/breath/urine test if requested by [the] police." The state in *Smith* conceded that the trial court erred by not limiting the condition to tests for blood alcohol level, and further conceded that there must be "reasonable grounds" for such tests, but argued that the court could require defendant to submit to tests by police officers rather than probation officers. We disagreed. Because the disputed condition subjected defendant to searches by persons other than those specified in *former* ORS 137.540(2)(m), it was *ultra vires*:

"If a special condition has been expressly included in ORS 137.540(2), the limits of that condition have been defined, and the court must conform to them. A court may order a person on probation to submit to a search only insofar as it conforms to the statute. ORS 137.540(2)(K) [*sic*] specifically designates the probation officer as the person to whom a person on probation may be required to submit for a search." 117 Or App at 476.[3]

*Accord State v. Schwab,* 95 Or App 593, 597, 771 P2d 277 (1989) ("[c]onditions that the legislature specifically defined [under ORS 137.540(2)] are statutory restrictions to which a court must conform when imposing probation conditions").

Given *Smith,* the issue here, as the state implicitly acknowledges, is not whether special condition (17) conflicts with *former* ORS 137.540(2), but to what extent. This, in turn, depends on how broadly *Smith* should be read.

---

[3] In *Smith,* we quoted and relied on the text of *former* ORS 137.540(2)(m), but erroneously referred to it as "ORS 137.540(2)(K)." Appellant's brief and argument repeats our mistake.

■   At a minimum, *Smith* held that under *former* ORS 137.540(2), a trial court could not require a defendant to submit to a search by someone other than a probation officer *if the search pertained to a suspected violation of probation.* Thus, to the extent special condition (17) requires defendant to submit to a search by "a peace officer * * * who reasonably suspects that defendant * * * has violated [conditions of probation] (18) or (19)," it is invalid.

The state argues, however, that the same reasoning does not extend to the requirement that defendant submit to searches by peace officers based on reasonable suspicion that "defendant has been driving under the influence of intoxicants [or] has committed any other offense involving alcohol." Although such searches may indirectly implicate conditions of probation,[4] they pertain primarily to criminal conduct. Consequently, the state reasons, such searches are not "already addressed in" and, thus, not subject to the preemptive effect of, *former* ORS 137.540(2)(m). *See State v. Schwab, supra*, 95 Or App at 597.

Conversely, defendant argues that *former* ORS 137.540(2)(m) broadly precluded the sentencing court from requiring him to submit to *any* search, including a search pertaining to suspected criminal conduct, by anyone other than a probation officer. As support for this broad construction, defendant invokes our concluding observation in *Smith* that "ORS 137.540(2)(K) [*sic*] specifically designates the probation officer as the person to whom a person on probation may be required to submit for a search." 117 Or at 476.

■   Neither *former* ORS 137.540(2)(m) nor *State v. Smith, supra*, can or should be read so broadly. *Former* ORS 137.540(2)(m) referred only to searches pertaining to probation violations, and not to all searches of persons on probation. Nor does *State v. Smith, supra*, somehow extend *former* ORS 137.540(2)(m) to searches other than those pertaining to probation violations.[5] Those portions of special condition

---

[4] For example, a person suspected of DUII would necessarily also be suspected of consuming alcoholic beverages in violation of special condition (19) and of operating a motor vehicle after consuming an intoxicant in violation of special condition (18).

[5] In *Smith*, the challenged condition of probation did not expressly refer to searches pertaining to suspected criminal conduct, including driving under the

(17) concerning the participation of peace officers in searches pertaining to suspected criminal conduct do not conflict with *former* ORS 137.540(2)(m).

Conviction affirmed; remanded for entry of corrected judgment.

---

influence of intoxicants. Consequently, the court did not consider a sentencing court's authority to require a defendant to submit to a search by a peace officer in such circumstances.