ORTEGA, P. J.
*816 In this case, defendant was convicted of driving under the influence of intoxicants, ORS 813.010 -specifically, marijuana-and driving while suspended, ORS 811.182. On appeal, defendant argues that the sentencing court erred by imposing five conditions of probation that he asserts run counter to ORS 137.542(2). The state concedes that the conditions as currently imposed are invalid, but urges that they might be valid with additional findings that could potentially be made on remand. We reject the state's argument and conclude that the sentencing court does not have discretion to impose the conditions it did. Accordingly, we remand for resentencing and otherwise affirm.
The relevant facts are procedural. Defendant holds a medical marijuana registry card, which the state concedes amounts to a medical prescription for marijuana for purposes of probation. ORS 137.540(1)(b) provides that probation can include the general condition to "[n]ot use or possess controlled substances except pursuant to a medical prescription ." ORS 137.542(2) then provides:
"Notwithstanding ORS 137.540, the conditions of supervision of a person who holds a registry identification card and is sentenced to probation related to the use of usable marijuana, medical cannabinoid products, cannabinoid concentrates or cannabinoid extracts must be imposed in the same manner as the conditions of supervision of a person sentenced to probation related to prescription drugs."
The conditions imposed in this case provide that defendant (1) "shall not possess, apply for, or obtain a medical marijuana card, or act as a caregiver"; (2) must not "use or possess * * * illegal drugs or narcotics"; (3) must not "possess any narcotics paraphernalia, including smoking devices, and shall not associate with any person known to use, sell or possess illegal drugs or narcotics"; (4) must "obtain a substance abuse evaluation as directed by the probation officer and follow through with any treatment recommendations"; and (5) must not "frequent places where narcotics are used, sold, or kept." Defendant argues that all of these conditions violate ORS 137.540(1)(b) and ORS 137.542. As to the first condition, defendant asserts that it directly conflicts with *817 ORS 137.542, and, as to the remaining four conditions, defendant contends that they are overbroad because they limit defendant's ability to use, possess, or obtain medical marijuana as directed by his physician. Defendant asks us to reverse the challenged probation conditions to the extent necessary to comply with ORS 137.542.
The state concedes that the probation conditions are invalid as currently assessed, but *477 asserts that, under ORS 137.540(2), the court may, if it makes the required factual findings, impose a special condition of probation that prohibits defendant from obtaining or possessing a medical marijuana card. Consistent with that view, the state urges us to remand for the trial court "to determine whether the circumstances of this case support the challenged conditions under ORS 137.540(2), and if not, to modify those conditions to create an express exception for medical marijuana use under a valid medical marijuana card or otherwise conforming with ORS 475B.[913] (creating an affirmative defense to crimes based on marijuana possession or use for medical purposes)."
As noted above, ORS 137.540(1)(b) sets forth one of the statutorily provided general conditions of probation that a sentencing court may impose-prohibiting use or possession of controlled substances "except pursuant to a medical prescription." ORS 137.540(2) then provides:
"In addition to the general conditions , the court may impose any special conditions of probation that are reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both, including, but not limited to , that the probationer shall [depending on when the crimes were committed, be confined to the probationer's residence or the county jail, be subject to community supervision, have assets sold in order to pay restitution, or be prohibited from using Internet websites that provide anonymous text messaging if the crime involves drug delivery, telephonic harassment, or domestic violence]."
(Emphases added.) The state reads ORS 137.540(2) to stand for the proposition that, "although [ ORS 137.542 ] precludes the imposition of a general and blanket prohibition on *818 medical marijuana use in every case, it does not preclude a sentencing court from exercising discretion to impose such a prohibition as a special condition that is 'reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both[.]' " And, in the state's view, there is legislative history that is consistent with that proposition. We disagree; ORS 137.540 and our case law do not allow the sentencing court to impose a special condition under ORS 137.540(2) that does not conform to the limits of the general condition set out in ORS 137.540(1)(b).
To begin with, ORS 137.540(2) allows the sentencing court to impose special conditions "in addition to the general conditions." That suggests that the special conditions that may be imposed under ORS 137.540(2) are conditions that are supplementary to the general conditions available under ORS 137.540(1), not that ORS 137.540(2) is intended to provide the sentencing court a means to impose a special condition that overrides a general condition and for which the limitations of a general condition need not be followed. Indeed, we said as much in State v. Schwab , 95 Or. App. 593, 597, 771 P.2d 277 (1989) : The "language [in ORS 137.540(2) ] only allows a court to impose other types of conditions that are not already addressed in the statute. Conditions that the legislature specifically defined are statutory restrictions to which a court must conform when imposing probation conditions."
It is true that ORS 137.540(2) provides that the special conditions that can be imposed "include[es], but [are] not limited to" the specified special conditions in ORS 137.540(2), and, therefore, a sentencing court is provided broad discretion to impose special conditions. That discretion, however, does not extend to imposing special conditions that are not consistent with other statutory restrictions set out by the legislature. In this case, the legislature has provided an exception to the general probation condition that a probationer may not "use or possess controlled substances" if the probationer has a medical prescription, ORS 137.540(1)(b), and that exception applies to those persons who have a marijuana medical registry card, ORS 137.542. The sentencing court does not have the discretion to impose *819 a probation condition that runs counter to ORS 137.540 (1)(b) and ORS 137.542. Moreover, the legislative history that suggests otherwise contradicts *478 the text of ORS 137.540.[1] We therefore reject the state's argument that we remand in the manner it urges and, instead, remand with instructions to conform defendant's conditions of probation with ORS 137.540(1)(b) and ORS 137.542.[2]
Remanded for resentencing; otherwise affirmed.

The state points to a work session on amendments to House Bill (H.B.) 4014, during which Senator Ginny Burdick asked legislative counsel whether the amendment that was enacted as ORS 137.542 would "tie the hands of probation officers or treatment facilities to limit * * * or prohibit marijuana use by someone who might even be in there for marijuana use and it does nothing of the kind. They would still have the same discretion they've always had." Audio Recording, Joint Committee on Marijuana Legalization, H.B. 4014, Feb. 9, 2016, at 14:24 (comments of Ginny Burdick), https://olis.leg.state.or.us (accessed June 11, 2018). The legislative counsel agreed with that statement. Audio Recording, Joint Committee on Marijuana Legalization, H.B. 4014, Feb. 9, 2016, at 15:15 (comment of Deputy Legislative Counsel Mark Mayer), https://olis.leg.state.or.us (accessed June 11, 2018). However, to the extent that those comments suggest that a sentencing court has discretion to impose special conditions in conflict with the general conditions in the statute, it does not inform the meaning of the text of ORS 137.540. See State v. Gaines , 346 Or. 160, 178, 206 P.3d 1042 (2009) ("We again caution that, in considering legislative history, we will not lightly disregard our understanding of the statute based on the common and natural meaning of its text and context.").

Although the point is not raised by the parties, we note that the challenged special condition that defendant "[o]btain a substance abuse evaluation as directed by the probation officer and follow through with any treatment recommendations" is consistent with the general condition that a probationer, under ORS 137.540(1)(d), must "[p]articipate in a substance abuse evaluation as directed by the supervising officer and follow the recommendations of the evaluator if there are reasonable grounds to be believe there is a history of substance abuse." Accordingly, the sentencing court can, on remand, impose that condition by continuing to rely on its imposition of the general conditions of probation under ORS 137.540(1).