Submitted October 4, 2021; "constituting domestic violence" finding on Count 1 reversed, remanded for resentencing, otherwise affirmed January 20, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT LOUIS JOHNSON,
*Defendant-Appellant.*

Washington County Circuit Court
19CR42810; A172796

503 P3d 1269

D. Charles Bailey, Jr., Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

PER CURIAM

"Constituting domestic violence" finding on Count 1 reversed; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals a judgment in which he was convicted of harassment constituting domestic violence, ORS 166.065(3) (Count 1), and initiating a false report, ORS 162.375 (Count 3). We write to address defendant's fourth and fifth assignments of error, rejecting his first through third assignments.[1]

In the fourth assignment of error, defendant contends that the trial court erred when it imposed a special probation condition that required him to "[s]ubmit to search of person, residence, vehicle and property including consent to search computer and telephonic devices." The state concedes the error. *See State v. Bowden*, 292 Or App 815, 818, 425 P3d 475 (2018) (a trial court's discretion does not extend to imposing special conditions that are inconsistent with other statutory restrictions set out by the legislature); ORS 137.540(1)(i) (providing a general condition that requires a probationer to "[c]onsent to the search of person, vehicle or premises upon the request of a representative of the supervising officer *if the supervising officer has reasonable grounds to believe that evidence of a violation will be found*" (emphasis added)). We agree, accept the concession, and remand for resentencing.

In the fifth assignment of error, defendant contends that the trial court erred by entering a judgment that included "constituting domestic violence" as part of the Count 1 conviction for harassment. That is because, defendant argues, the state did not charge him with harassment constituting domestic violence, the jury did not find him guilty of that crime, and harassment is not a domestic violence crime as defined by ORS 135.230. The state concedes the error. Again, we agree with the concession and accept it. We therefore reverse the "constituting domestic violence" finding on Count 1.

"Constituting domestic violence" finding on Count 1 reversed; remanded for resentencing; otherwise affirmed.

---

[1] Since the submission of this case, the Supreme Court decided *State v. Belden*, 369 Or 1, 499 P3d 783 (2021), which concerns the showing that the state must make to establish its inability to produce a witness at trial, thereby permitting the admission of a hearsay statement by the witness. We are satisfied that the state met its burden under *Belden* to permit the admission of the hearsay statement that is the subject of defendant's first assignment of error.