No. 578          November 8, 2023          57

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYAN NICHOLAS JOHNSON,
aka Ryan Johnson,
*Defendant-Appellant.*

Coos County Circuit Court
21CR46912; A177356

Andrew E. Combs, Judge.

Argued and submitted September 26, 2023.

John Evans, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Christopher A. Perdue, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant was convicted of harassment, ORS 166.065, and fourth-degree assault constituting domestic violence, ORS 163.160(3), and sentenced to 36 months of probation. As to each count, the sentencing court included as a special condition of probation that defendant must "[s]ubmit to polygraph examination by a qualified polygraph examiner designated by the Probation Officer under terms and conditions set by the Probation Officer." Defendant challenges that special condition. He argues that because the legislature has enacted a general condition of probation providing for submission to polygraphs in limited circumstances, ORS 137.540(1)(L),[1] sentencing courts lack authority to impose a special condition of probation requiring polygraphs in broader circumstances, as doing so has the effect of impermissibly overriding the general condition. We conclude that the claim of error is unpreserved, such that we are limited to plain-error review, and we conclude that the error is not plain. Accordingly, we affirm.

The only relevant fact is that the aforementioned special condition of probation was imposed on defendant. On appeal, defendant does not dispute that the condition is "reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both," ORS 137.540(2), so there is no need to recount the facts pertaining to his crimes of conviction.

As for the procedural posture of this case, defendant contends that he adequately preserved the claim of error but, in the event that we conclude otherwise, requests plain-error review and argues that the requirements for plain error are met. The state disagrees that the claim of error was preserved and argues that any error is not plain.

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct

---

[1] The condition at issue was codified as ORS 137.540(1)(n) at the time of trial but, due to an intervening statutory amendment, is now codified as ORS 137.540(1)(L). *See* Or Laws 2022, ch 78, § 10. The amendment does not affect our analysis, so we cite the current statute.

a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

Defendant objected to the special condition regarding polygraphs, so the question is whether the substance of his objection adequately put the sentencing court and the state on notice of the issue now raised on appeal. *See Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008) (discussing the purposes of the preservation rules, which are "pragmatic as well as prudential," and describing "procedural fairness to the parties and to the trial court" as the ultimate "touchstone" for preservation). We conclude that it did not. In stating his objection to the polygraph condition, defendant began by noting that the general condition in ORS 137.540(1)(L) is limited to sex offenders and did not apply. That statement could have served as a starting point for the argument now made on appeal, but, in fact, it served only as a segue into arguing that special conditions (unlike general conditions) are subject to the "reasonably related" requirement in ORS 137.540(2) and that the special condition regarding polygraphs was not reasonably related to defendant's specific crimes and needs in this case.

Nothing defendant said at sentencing can fairly be viewed as shorthand for the legal issue raised on appeal. *See State v. Walker*, 350 Or 540, 550, 258 P3d 1228 (2011) ("Particularly in criminal cases, in which there is a premium on considerations of cost and speed, the realities of trial practice may be such that fairly abbreviated short-hand references suffice to put all on notice about the nature of a party's arguments."). To the contrary, defendant's appellate argument actually contradicts his argument below. Defendant argues on appeal that, as a matter of statutory construction, the only polygraph condition that sentencing courts may impose is the general condition in ORS 137.540(1)(L) and that, irrespective of case-specific circumstances, sentencing courts lack authority to impose special conditions regarding

polygraphs. By contrast, at sentencing, defendant argued that the court had authority to impose special conditions regarding polygraphs, but that there needed to be "either something statistical specific to the type of violation that's anticipated or something specific to the particular defendant such as a history of violating a particular condition in some way that the polygraph requirement would either deter or uncover later," and that the record in this particular case did not support imposing a special condition regarding polygraphs.

For those reasons, we conclude that defendant did not preserve the issue that he raises on appeal and that our review is limited to plain error.

Turning to plain-error review, defendant's legal argument relies on "the proposition that, where the legislature has enacted a particular probation condition but limited its applicability, trial courts may not impose that probation condition beyond the limits the legislature placed in the statute." He cites *State v. Bowden*, 292 Or App 815, 425 P3d 475 (2018), and *State v. Schwab*, 95 Or App 593, 771 P2d 277 (1989), for that proposition. Seeking to apply that principle here, defendant argues that the legislature enacted a particular probation condition regarding polygraphs—the general condition in ORS 137.540(1)(L)—but limited its applicability to people who have been convicted of sex offenses, and that it follows that sentencing courts may not impose polygraph conditions on anyone else by way of a special condition.

As relevant to that argument, ORS 137.540(1)(L) provides:

"(1)  The court may sentence the defendant to probation subject to the following general conditions unless specifically deleted by the court. The probationer shall:

"* * * * *

"(L)  If recommended by the supervising officer, successfully complete a sex offender treatment program approved by the supervising officer and submit to polygraph examinations at the direction of the supervising officer if the probationer:

"(A)   Is under supervision for a sex offense under ORS 163.305 to 163.467;

"(B)   Was previously convicted of a sex offense under ORS 163.305 to 163.467; or

"(C)   Was previously convicted in another jurisdiction of an offense that would constitute a sex offense under ORS 163.305 to 163.467 if committed in this state."

We are unpersuaded that it is obvious and beyond reasonable dispute that the legislature intended the general condition in ORS 137.540(1)(L) to serve as the only permissible polygraph condition for probationers, such that sentencing courts lack authority to impose special conditions regarding polygraphs on non-sex offenders even if justified by case-specific circumstances. *See Vanornum*, 354 Or at 629 (the legal point must be "obvious" and not reasonably in dispute for an error to be "plain").

In *Bowden*, the defendant was convicted of driving under the influence of marijuana, and the sentencing court imposed several special conditions of probation that limited his use of medical marijuana. 292 Or App at 816. On appeal, we held that the sentencing court lacked authority to impose those special conditions, because they conflicted with a general condition of probation requiring that probationers "'[n]ot use or possess controlled substances *except pursuant to a medical prescription*.'" *Id*. at 816 (quoting *former* ORS 137.540(1)(b) (2017), *amended by* Or Laws 2022, ch 78, § 10 (emphasis in *Bowden*)). We explained that sentencing courts may impose special conditions that are "*supplementary*" to the general conditions enacted by the legislature, but that they may not use ORS 137.540(2) as "a means to impose a special condition that *overrides* a general condition and for which the limitations of a general condition need not be followed." *Id*. at 818 (emphases in original).

We noted in *Bowden* that we had used the same reasoning in *Schwab*, when we had stated in *Schwab*, "The 'language [in ORS 137.540(2)] only allows a court to impose other types of conditions that are not already addressed in the statute. Conditions that the legislature specifically defined are statutory restrictions to which a court must conform when imposing probation conditions.'" *Id*. (quoting

*Schwab*, 95 Or App at 597). In *Schwab*, the defendant was convicted of theft, and the sentencing court imposed a special condition of probation that he "submit to search of his person, automobile and premises and seizure of any contraband without consent and without a search warrant by his probation officer to verify compliance with the conditions of probation." 95 Or App at 596. We reversed on appeal, holding that the condition impermissibly conflicted with a narrower, legislatively created specific condition that, if imposed, required a probationer to "'[s]ubmit person, residence, vehicle and property to search by a probation officer *having reasonable grounds to believe such search will disclose evidence of a probation violation*.'" *Id*. (quoting *former* ORS 137.540(2)(L) (1985), *amended by* Or Laws 1993, ch 680, § 16 (emphasis in *Schwab*)). We explained that the sentencing court could only impose "types of conditions that are not already addressed in the statute" and that "[c]onditions that the legislature specifically defined are statutory restrictions to which a court must conform when imposing probation conditions." *Id*. at 597.

It is reasonably debatable whether the situation here is analogous to that in *Bowden* and *Schwab*. In particular, it is debatable whether the legislature intended ORS 137.540(1)(L) to limit or restrict the imposition of polygraph conditions on *non*-sex offenders. ORS 137.540(1)(L) is a general condition of probation under which a probationer who has been convicted of a sex offense must, "[i]f recommended by the supervising officer, successfully complete a sex offender treatment program approved by the supervising officer and submit to polygraph examinations at the direction of the supervising officer[.]" That condition addresses polygraphs, but it is not solely, or arguably even primarily, about polygraphs. Defendant argues that the statutory text, context, and legislative history together suggest that the legislature made a policy choice to subject only sex offenders to polygraphs and intended that no other offenders be subject to polygraph conditions. The state disagrees, countering that the statutory text, context, and legislative history together suggest that the legislature intended to add a new general condition regarding sex offender treatment and polygraphs that would apply to sex offenders, while leaving undisturbed

the authority of sentencing courts to impose polygraph conditions on non-sex offenders as special conditions on a case-specific basis.

Both parties' arguments have persuasive weight. To conclusively resolve this legal issue of first impression, we would have to engage in an in-depth analysis of statutory text, context, and legislative history to a degree that exceeds the bounds of plain-error review. Whichever party may ultimately prove correct as to the effect of ORS 137.540(1)(L) on sentencing courts' authority to impose polygraph conditions on non-sex offenders, the legal point is not obvious, but rather reasonably in dispute. Accordingly, any error is not a plain error, and we affirm.

Affirmed.