No. 737 October 16, 2024 523

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GEORGE BARON DAWN,
*Defendant-Appellant.*

Marion County Circuit Court
22CN04853; A181116

Matthew L. Tracey, Judge pro tempore.

Submitted September 5, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant appeals a judgment of contempt. After defendant admitted to contempt of court for violating a restraining order, the trial court imposed a punitive sanction of 100 days in jail, consecutive to defendant's existing sentences in another case for crimes against the same victim. On appeal, defendant argues that the court plainly erred in making the contempt sanction consecutive to his criminal sentences. We are unpersuaded that the court plainly erred and, accordingly, affirm.

While serving a prison sentence for crimes including assault, defendant wrote a letter to the victim, thereby violating the terms of a restraining order. Defendant admitted to contempt of court but argued for a concurrent sanction, asserting that making the sanction consecutive to his current prison sentence "would result in approximately 17 months of additional time."[1] The trial court acknowledged that "consecutive time has a greater weight in a circumstance where you are serving DOC time." Nevertheless, the court imposed a consecutive sanction, finding that defendant's letter to the victim was "manipulative" and that a concurrent sanction for violating the restraining order would not be "appropriate or proportionate."

On appeal, defendant argues that the trial court plainly erred by imposing the punitive contempt sanction consecutive to his prison sentences, because the court lacked authority to do so under ORS 33.105(2). Defendant did not argue below that the court lacked authority to impose the sanction consecutively, so he seeks plain-error review. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a

---

[1] It is not entirely clear from the record why a consecutive jail sanction for contempt would have that result. According to defendant, an adult in custody (AIC) with a detainer for an unserved jail sentence receives a higher custody classification that makes the AIC ineligible for alternative incarceration programs. Having reviewed the administrative rules cited by defendant, OAR 291-104-0116 and OAR 291-062-0130(1)(c), we are unable to discern the impact that the contempt sanction would have on his custody classification, but OAR 291-062-0130(6)(c) does provide that an AIC is not eligible to participate in alternative incarceration programs if the AIC has "a current detainer."

"plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

The premise of defendant's argument is that a trial court's authority in imposing punitive contempt sanctions is limited to what is expressly authorized in ORS 33.105(2). The state responds that "[r]esolving defendant's argument would require extensive engagement with the text and context of ORS 33.105 and ORS 137.123," beyond what is appropriate on plain-error review. *See State v. Johnson*, 329 Or App 57, 63, 540 P3d 73 (2023) ("To conclusively resolve this legal issue of first impression, we would have to engage in an in-depth analysis of statutory text, context, and legislative history to a degree that exceeds the bounds of plain-error review.").

We agree with the state. That is, we agree that the alleged error is not "plain," because whether the trial court had authority to impose the contempt sanction consecutively to defendant's criminal sentences is not a legal point that is "obvious" or beyond reasonable dispute. *Vanornum*, 354 Or at 629 (requirements for "plain" error).

We find the case law on which defendant relies to be distinguishable. In *Frost v. Lotspeich*, 175 Or App 163, 174, 30 P3d 1185 (2001), the trial court barred a self-representing attorney from any participation in a fee hearing after he engaged in contemptuous conduct. On appeal, we held that the trial court lacked statutory authority to impose that summary sanction for contempt, because it is not a permissible sanction under ORS 33.105, and also lacked inherent authority to impose such sanction, because the legislature has permissibly limited the available sanctions by statute. *Id*. at 176-77. This case is not comparable. Here, the statute clearly authorizes a 100-day jail sanction, *see* ORS 33.105(2)(c) (allowing a punitive sanction of "[c]onfinement for not more than six months"), and the statute is entirely silent on the timing issue in dispute.

Defendant also relies on *State v. Trice*, 146 Or App 15, 21, 933 P2d 345, *rev den*, 325 Or 280 (1997), which involved a sentencing issue for a juvenile waived into adult court on murder charges. We held in *Trice* that a criminal sentence in adult court cannot be run consecutively to a juvenile adjudication, because a juvenile adjudication is not a "sentence," and ORS 137.123 permits a criminal sentence to run consecutively only to another "sentence." *Id.* at 20-21. But as defendant acknowledges, punitive contempt is not a crime, and punitive contempt sanctions are not sentences, *State v. Clardy*, 292 Or App 890, 891, 422 P3d 434 (2018), so ORS 137.123 does not apply here. If it did, the trial court actually would have had express authority to impose the sanction consecutively in these circumstances. *See* ORS 137.123(3) ("When a defendant is sentenced for a crime committed while the defendant was incarcerated after sentencing for the commission of a previous crime, the court shall provide that the sentence for the new crime be consecutive to the sentence for the previous crime."). Because it does not, we are left with ORS 33.105, which is simply silent on the issue.

Ultimately, we are unpersuaded that the trial court committed a "plain" error by imposing the punitive contempt sanction consecutively to defendant's existing prison sentences. Whether the trial court lacked authority to do so is not "obvious" and is reasonably in dispute, so any error is not plain.

Affirmed.