No. 315 April 9, 2025 583

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HUTSON AIDAN NAYLOR,
*Defendant-Appellant.*

Deschutes County Circuit Court
23CR11360; A182026

Alycia M. Herriott, Judge.

Submitted February 12, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction entered after he pleaded guilty to strangulation, raising five assignments of error challenging the trial court's imposition of various special conditions of probation. Four of those assignments are now moot given the issuance of an amended judgment while this appeal was pending, deleting the probation conditions challenged in defendant's second through fifth assignments of error. Defendant agrees that the amended judgment renders those assignments of error moot. Defendant's remaining assignment of error challenges a special probation condition requiring him to enter into and successfully complete a sex offender treatment program. We conclude that the sentencing court did not err in imposing that condition, and therefore affirm.

The relevant facts are undisputed. Defendant and the victim connected through an online dating platform. The victim visited defendant's home, and during an initially consensual sexual encounter, defendant began strangling the victim without her consent. The state charged defendant with one count of strangulation, ORS 163.187. Defendant pleaded guilty to that charge.

At the sentencing hearing, defendant objected to sex offender treatment as a condition of probation, on the grounds that he was not convicted of a sex crime. The court imposed sex offender treatment as a special condition of probation pursuant to its authority under ORS 137.540(2), finding that the condition was reasonably related to the crime of conviction and otherwise appropriate. Specifically, the court declared that defendant "is subject to all general conditions of probation" and imposed several special conditions of probation, including: "Enter into and successfully complete a sex offender treatment program approved by the probation officer. Abide by all rules and conditions of the sex offender treatment program." Defendant challenges the imposition of that condition on appeal.

Before us, defendant renews his argument that the sentencing court erred in imposing that special condition because he was not convicted of a sex crime. He asserts that,

although the court has authority to impose special conditions of probation under ORS 137.540(2), the court lacks authority to impose sex offender treatment as a special condition of probation when the crime of conviction is not listed in ORS 137.540(1)(L). The state contends that ORS 137.540(1)(L) creates a default, general probation condition for sex offenders and leaves open whether that condition may be imposed for other types of offenses as a special condition. We agree with the state.[1]

"We review the imposition of probation conditions for errors of law." *State v. Borders*, 293 Or App 791, 793, 429 P3d 1067 (2018). Because this case presents an issue of statutory interpretation, our task is to discern the intent of the legislature. ORS 174.020(1)(a). To do that, we begin by examining the text and context of the statute. *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009) (citing *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993)). We then consider the "pertinent legislative history" if it "appears useful to the court's analysis." *Id.* at 172. Finally, "[i]f the legislature's intent remains unclear after examining text, context, and legislative history, the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty." *Id.*

We start with the relevant statutes. ORS 137.540(1) provides that the "court may sentence the defendant to probation subject to the following general conditions unless specifically deleted by the court." The statute then lists the general conditions of probation that are automatically imposed on all probationers. One of those general conditions is ORS 137.540(1)(L) which, at the time of sentencing, provided:

"(L) If recommended by the supervising officer, successfully complete a sex offender treatment program approved by the supervising officer and submit to polygraph examinations at the direction of the supervising officer if the probationer:

---

[1] We acknowledge that, in *State v. Johnson*, 329 Or App 57, 540 P3d 73 (2023), the defendant raised the analogous issue of whether ORS 137.540(1)(L) limits the imposition of polygraph conditions to sex offenders. In addition to imposing sex offender treatment, ORS 137.540(1)(L) also requires a probationer under supervision for a sex offense to submit to polygraph examinations. In that case, we acknowledged that the issue was reasonably in dispute and declined to resolve it on plain error review. *Id.* at 63.

"(A)   Is under supervision for a sex offense under ORS 163.305 to 163.467;

"(B)   Was previously convicted of a sex offense under ORS 163.305 to 163.467; or

"(C)   Was previously convicted in another jurisdiction of an offense that would constitute a sex offense under ORS 163.305 to 163.467 if committed in this state."

ORS 137.540(1)(L) (2023), *amended by* Or Laws 2023, ch 9, § 9, *amended by* OR Laws 2023, ch 282, § 1.[2] ORS 137.540(2) provides: "In addition to the general conditions, the court may impose any special conditions of probation that are reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both," including, in certain cases, that the probationer shall, among other things, be subject to certain confinement conditions or restrictions and comply with other special conditions of probation imposed by the supervising officer in accordance with ORS 137.540(9).

We note first that the crime of strangulation, ORS 163.187, of which defendant was convicted, is not one of the enumerated sex offenses requiring sex offender treatment as a general condition of probation under ORS 137.540(1)(L). Nor has defendant previously been convicted of a sex offense. The issue before us is whether a sentencing court nevertheless has authority to impose sex offender treatment as a special condition of probation pursuant to ORS 137.540(2). Defendant argues that it does not. He relies on *State v. Bowden*, 292 Or App 815, 425 P3d 475 (2018) and *State v. Schwab*, 95 Or App 593, 771 P2d 277 (1989) for his assertion that "[w]here the legislature has included a probation condition in the list of general conditions of probation and made that condition subject to certain limitations, trial courts lack the authority to bypass those limitations."

We are not convinced that *Bowden* and *Schwab* apply to this case. In *Bowden*, the sentencing court imposed a special condition of probation that limited the defendant's use of medical marijuana, which directly conflicted with a general condition requiring that probationers "[n]ot use or

---

[2] ORS 137.540(1) has been amended since sentencing. All references in this opinion to ORS 137.540(1)(L) are to the version in effect at the time of sentencing.

possess controlled substances *except pursuant to a medical prescription.*" 292 Or App at 816 (citing ORS 137.540(1)(b) (2017)) (emphasis in *Bowden*). We concluded that the "sentencing court does not have the discretion to impose a [special] probation condition that runs counter to" a general condition. *Id.* at 818-19. Unlike in the present case, *Bowden* involved a situation where the special condition contradicted a general condition.

In *Schwab*, the sentencing court imposed a special condition of probation requiring that the defendant submit to searches "without consent and without a search warrant." 95 Or App at 596. We concluded that that condition conflicted with another legislatively created special condition which required a probationer to submit to searches if the probation officer had "*reasonable grounds to believe such search will disclose evidence of a probation violation.*" *Id.* (citing *former* ORS 137.540(2)(L) (1985)) (emphasis in *Schwab*). We explained that ORS 137.540(2) "only allows a court to impose other types of conditions that are not already addressed in the statute. Conditions that the legislature specifically defined are statutory restrictions to which a court must conform when imposing probation conditions." *Id.* at 597. Although the first sentence in that explanation implies a broader limitation on sentencing courts, both sentences properly read together, in the context of the case as a whole, stand for the proposition that a sentencing court cannot impose a special condition that conflicts with an existing special condition. *Bowden* and *Schwab* are both distinguishable from this case where defendant challenges a special condition which does not contradict a general or special condition.

ORS 137.540(1)(L) lists the crimes for which sex offender treatment is imposed as an automatic general condition of probation, but it does not expressly limit the imposition of sex offender treatment to only those offenses. Although a court may not impose a special condition of probation that overrides a general condition, *Bowden*, 292 Or App at 818, this case does not present such a situation. The imposition of sex offender treatment as a special condition for crimes other than sex crimes does not contradict or override any part of ORS 137.540(1)(L). Read plainly, ORS

137.540(1) and (2) do not prohibit a sentencing court from imposing sex offender treatment as a special condition of probation to non-sex offenders, provided that the requirements of ORS 137.540(2) are met. *See* ORS 174.010 (in construing a statute, a court's role is to "ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted"). In other words, just because the legislature identified general conditions of probation that the court shall include unless specifically deleted by the court, under ORS 137.540(1), that does not mean that the court is without authority to use those conditions as special conditions of probation when they otherwise satisfy the requirements of ORS 137.540(2). However, the court lacks authority to impose special conditions that conflict with or override the particular limitations present in any of the general conditions of probation in ORS 137.540(1).

The state also points to relevant legislative history from 1993, when the legislature added the general probation condition requiring sex offender treatment and amended the special conditions provision to its current form. We agree that the legislative history is consistent with our conclusion. During a public hearing, Chairman Del Parks asked Dale Penn of the Oregon District Attorney Association about the specific language of the bill regarding probation conditions. Penn explained that the intent was to standardize general conditions of probation and give the court authority to fashion any special condition the court believes is necessary, if "at all tied to the crime." He stated that the language is not a restriction, but was meant to give sentencing courts more authority. Tape Recording, House Committee on Judiciary, SB 139, June 21, 1993, Tape 49, Side A.

Finally, we turn to ORS 137.540(2) and whether the imposed sex offender treatment was a proper special condition of probation under that statutory section. As noted, ORS 137.540(2) allows a court to impose special conditions that are "reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both." If a defendant is convicted of a crime that is not a sexual offense, "but acted with a sexual purpose, imposition of a sex offender package

as a special condition of probation \*\*\* could be reasonably related to the conviction." *State v. Mack*, 156 Or App 423, 429, 967 P2d 516 (1998). Moreover, we have previously affirmed the imposition of sex offender treatment as a condition of probation where the defendant was not convicted of a sex crime, but where the defendant's conduct showed a sexual purpose. *See State v. Phillips*, 206 Or App 90, 97-98, 135 P3d 461, *rev den*, 341 Or 548 (2006) (affirming the imposition of sex offender treatment as a special condition where the defendant was convicted of coercion in the furtherance of a sexual purpose). On appeal, defendant does not appear to contest that there is a factual record to support the finding that he acted with a sexual purpose when he strangled the victim during the act of sex, such that sex offender treatment is reasonably related to the crime of conviction and imposed for his reformation or the public protection. We conclude that the trial court did not err in imposing that special condition of probation.

Affirmed.